F. K. SWENSON v. W. B. CAHOON, *as Sheriff.*

152 So. 203.
Division A.
Opinion Filed September 12, 1933.
Opinion on Rehearing Filed January 27, 1934.

*Axtell & Rinehart,* for Plaintiff in Error;

*Daniel, Boggs & Thompson,* for Defendant in Error.

TERRELL, J.—Plaintiff in error instituted a common law action against the defendant in error, as Sheriff of Duval County. A demurrer to the declaration was sustained, final judgment was entered and this writ of error is addressed to that final judgment.

The question with which we are confronted is when and under what circumstances is a sheriff liable for the acts of his deputies under the law of this State.

The declaration discloses that the plaintiff was taken in charge by E. W. Compton, a deputy sheriff, while he (plaintiff) was proceeding on foot to Baldwin to secure gas for his car which had stopped some distance away. On arriving at the filling station Compton refused to permit plaintiff to alight from his car but hurried by at great speed and carried plaintiff to Jacksonville and placed him in the common jail of Duval County where he was incarcerated for two days and released, all of which was done without any process, warrant, or other legal authority.

At common law the sheriff was liable for the acts of his deputies when performed within the scope of their legal authority and by virtue of his office. By statute the sheriff is responsible for the neglect and default of his deputies in the execution of their office. Section 2881, Revised

General Statutes of 1920, Section 4578 Compiled General Laws of 1927.

"Default" has reference to the non-performance of a duty when arising under contract or otherwise, while "neglect" means to omit to do or perform an act enjoined on one. It does not generally imply carelessness or imprudence but simply an omission to do or perform some work, duty or act.

Prior to the enactment of Section 2881, Revised General Statutes, *supra,* which was Section 4 of Chapter 1659, Acts 1868, the Act of February 12, 1834 (page 61 Thompson's Digest) was the applicable law on the subject. The latter Act authorized sheriffs and clerks of the circuit court to appoint such deputies as were necessary and made them liable for the acts of said deputies as such. In the Revised Statutes of 1892 the Act of 1868 was included but the Act of 1834 was not included, so the Act of 1868 is now the controlling statute on the subject.

The net result of the Act of 1868 when strictly applied, was to make the sheriff liable where the deputy failed to perform his duty either through neglect or omission to do so. We do not think this Act would have the effect of repealing the applicable common law to the subject matter, as under that the liability of the sheriff was not determined by a failure to act but by the manner of performing acts done within the scope of his authority.

But whether the common law is or is not in effect is not material. The rule seems settled by the decided weight of authority that in the absence of statute to the contrary only those acts of a deputy that involve an abuse of power imposed in him and not those involving a usurpation of power will the sheriff be required to answer for.

In other words, in order to render the sheriff liable for

the act of his deputy, the act must be done by virtue of his office as a deputy, and in order that it have that character it must be committed in an attempt to serve or execute a writ or process and as a means to that end, or in acting under a statute giving him the right to arrest without warrant, otherwise he is acting as an individual. Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795; McLain v. Arnold, 73 Okla. 52, 174 Pac. 563; Ivy v. Osborne, 152 Tenn. 470, 279 S. W. 384; Davis v. Smith, 130 Mass. 113; Chandler v. Rutherford, 101 Fed. 774; Tate v. Baugh, 264 Fed. 892; King v. Brown, 100 Tex. 109, 94 S. W. 382; Brown v. Wallis, 100 Tex. 546, 101 S. W. 1070.

This rule no doubt works harshly in individual cases but when the interests of society are considered it is no doubt the better one  The act of the deputy in the instant case, if proven, was reprehensible but it was a clear usurpation of power and such responsibility as may be charged against the sheriff or it is a personal one.

For these reasons the judgment below must and is hereby affirmed.

Affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring specially).—In this State, by reason of statute (Sections 4578-4580 C. G. L., 2881-2883 R. G. S.), the office of deputy sheriff is one distinctly recognized by law. Under the holding of this Court in Stinson v. State, 76 Fla. 421, 80 Sou. Rep. 506, a deputy sheriff does not become an officer or possess any authority as such, until the filing and approval of the required bond. My view is that the effect of the deputy sheriff's statute is to make the deputy sheriff an independent officer so long as he holds his commission as such deputy, giving the deputy powers

and duties as an independent officer equal to those of the sheriff himself, independent of official relation to the sheriff. Thus, in this view, the deputy sheriff may be sued on .his own official deputy's bond for wrongs committed by him as a deputy sheriff, when done without any authority of law, and not done in performance of any duty imposed on him by law, sufficient to impose liability on the sheriff himself as the deputy's principal, as expressly provided by Section 4578 C. G. L., *supra.*

Considering the question here presented as being simply that of where an act of a deputy sheriff has been committed without authority of law, and not in performance of any duty imposed upon the sheriff by law, nor done with the sheriff's approval or under his direction, I think the court below properly held that the sheriff was not liable in his official capacity as sheriff, for the wrongful act of his deputy done by way of a usurpation of a power that neither the sheriff nor his deputy possessed under the circumstances.

ELLIS, J., concurs.

### ON PETITION FOR REHEARING.

TERRELL, J.—On petition for rehearing it is contended that under the rule prescribed in the main question in this case the sheriff will for all practical purposes be relieved of liability for any unlawful act of his deputy.

Our holding in that opinion was that in the absence of statute to the contrary only those acts of a deputy that involve an abuse of the power imposed in him and not those involving an usurpation of power will the sheriff be required to answer for.

. To abuse power is to use it in an extravagant manner, to employ it contrary to the law of its use, or to use it improperly and to excess. The usurpation of power has reference to the unlawful assumption, or seizure and exer-

cise of power not vested in one, or where one interrupts another in the exercise of a right belonging to him.

The statement in the main opinion to the effect that E. W. Compton was a deputy sheriff was inaccurate. He was not a deputy sheriff but was the man who arrested plaintiff and turned him over to Nicholas Porter who was a deputy sheriff and the jailor for the defendant sheriff. He (plaintiff) was held in jail by Porter for two days and released, said imprisonment being the basis for the instant action.

As deputy sheriff, Porter was required to receive plaintiff or any other person lawfully turned over to him whether arrested with or without warrant, there being numerous instances in which sheriffs and other police officers are authorized to arrest without warrant.

We think there is a clear distinction between the abuse and the usurpation of the power imposed in a deputy sheriff. We fail to appreciate the implications drawn from our former opinion by the petitioner. If the placing of plaintiff in jail by Porter was a usurpation of power the sheriff cannot be held likewise. It is not shown or charged that after he was placed there he was ill treated or that the authority of the jailor in holding him was abused.

In other words, if Porter had in any way abused his authority to hold and imprison the plaintiff such as failure or neglect to feed or clothe him or keep him warm or refusal to release him after finding that he was the wrong man or had unduly punished him while confined, the sheriff would be liable because of such abuse of power. This is quite different, however, from assuming and proceeding to exercise a power that the law never vested in him.

On a full reconsideration of the cause in the light of the record, briefs, and reargument our former judgment must be and is hereby reaffirmed.

Affirmed on rehearing.

Davis, C. J., and Whitfield and Buford, J. J., concur.