Roy D. Goodrich v. W. Hiram Lawrence, *et al.*

189 So. 233
Division A
Opinion Filed May 23, 1939
Rehearing Denied June 8, 1939

*W. D. Bell* and *R. K. Bell,* for Plaintiff in Error;

*E. M. Baynes,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review the judgment in favor of the defendant on trial of pleas of not guilty to the first, second and third counts of the declaration, which declaration was in six counts, as follows:

"Roy D. Goodrich by W. D. Bell, his attorney, sues W. Hiram Lawrence, J. T. (Red) Lawrence, and J. Edward Hardwick, for that the defendants unlawfully detained and imprisoned the plaintiff in the office of the Sheriff of Palm Beach County, Florida, to the damage of plaintiff of $50,000.00. therefore, he brings this suit and claims $50,000.00 damages.

## "Second Count

"Roy D. Goodrich by W. D. Bell, his attorney, sues W. Hiram Lawrence, J. T. (Red) Lawrence, and J. Edward Hardwick for that the defendants assaulted and beat plaintiff and unlawfully detained and imprisoned plaintiff in the office of the sheriff of Palm Beach County, Florida, to the damage of plaintiff of $50,000.00, therefore he brings this suit and claims $50,000.00 damages.

## "Third Count

"Roy D. Goodrich by W. D. Bell, his attorney, sues W. Hiram Lawrence, J. T. (Red) Lawrence and J. Edward Hardwick, for the defendants unlawfully detained and imprisoned the plaintiff in the common jail of Palm Beach County, Florida, to the damage of plaintiff of $50,000.00, therefore he brings this suit and claims $50,000.00 damages.

## "Fourth Count

"Roy D. Goodrich by W. D. Bell, his attorney, sues J. T. (Red) Lawrence, for that the defendant unlawfully took plaintiff into his custody and gave him into the custody of J. Edward Hardwick, who assaulted and beat plaintiff and caused him to be imprisoned in the office of the sheriff of Palm Beach County W. Hiram Lawrence, to the damage of plaintiff of $50,000.00, therefore he brings this suit and claims $50,000.00 damages.

## "Fifth Count

"Roy D. Goodrich by W. D. Bell his attorney, sues J. Edward Hardwick, for that the defendant assaulted and beat plaintiff and gave him into the custody of W. Hiram Lawrence and caused him to be imprisoned in the common jail of Palm Beach County, Florida, to the damage of plaintiff of $50,000.00, therefore he brings this suit and claims $50,000.00 damages.

### "Sixth Count

"Roy D. Goodrich by W. D. Bell his attoriey, sues W. Hiram Lawrence for that the defendant unlawfully imprisoned plaintiff in the common jail of Palm Beach County, to the damage of plaintiff of $50,000.00, therefore he brings this suit and claims $50,000.00 damages."

The fourth count went out on demurrer and the fifth and sixth counts were stricken on motion.

The plaintiff in error has stated seven questions for our consideration. The first question challenges the action of the court in sustaining demurrer and granting motion to strike, *supra*.

The order on motion to strike stated: "The court being of the opinion that the matters contained in the fifth and sixth counts are contained in the first three counts."

There was no error.

The fourth count of the declaration under the rules stated in the case of Swenson v. Cahoon, 111 Fla. 788, 152 Sou. 203, and cases there cited, was not sufficient to state a cause of action against W. Hiram Lawrence as Sheriff of Palm Beach County.

Counsel for plaintiff in error argues that because the demurrer was addressed to the entire declaration, it ·was error to sustain the demurrer to some counts of the declaration and deny it as to others. This is technically correct, but since it is not shown that the ruling of the court resulted in prejudice to the plaintiff the error was harmless.

The second question challenges the action of the court in excluding certain evidence proffered through a witness by the name of Mortz as to what occurred between himself, the wife of the plaintiff and two deputies in the sheriff's office on the day of the arrest and occurrence of the alleged cause of action. The proffered evidence could have been

considered only for the purpose of showing that the witness and the plaintiff's wife were denied the privilege of seeing the plaintiff.

There is nothing in the record to show that this evidence tended to prove the allegation of the declaration.

We think that the court was justified in excluding the evidence proffered because the proffer shows that the testimony of the witness would have been as to the treatment of himself by the defendants, or some of them, which would not have tended to prove the allegations of the declaration but would have tended to prejudice the jury against the defendants.

The third question challenges the action of the court in instructing the jury to return a verdict in favor of the defendant on the first and third counts of the declaration and directing the jury as follows:

"The court charges you as to the defendant W. H. Lawrence that the court has directed a verdict on the first count and the third count of the declaration, and you will not consider those two counts in determining the issues involved in this cause, insofar as the defendant W. H. Lawrence is concerned; you will only consider as to W. H. Lawrence the second count which alleges that the plaintiff was assaulted and beaten by the defendants."

There was no error in the charge because if the acts of the other defendants were unlawful and not within the scope of their authority then the sheriff was not liable for such acts (see Swenson v. Cahoon, 111 Fla. 788, 152 So. 203), and if the arrest and detention was lawful, then neither defendant was liable under the allegations of the first and third counts of the declaration. The record shows that the defendants J. T. Lawrence and J. Edward Hardwick had cause to believe and did believe that the plaintiff

at the time of the detention was guilty of the commission of a felony though it turned out that probably he was not.

It, therefore, follows that the arrest and detention were lawful. Sec. 6029 R. G. S., 8323 C. G. L.

The fourth question challenges the action of the trial court in overruling objections in the introduction of certified copies of affidavits and warrant issued by the Mayor of Boynton under which plaintiff was arrested by a police officer and by such police officer, on order of the Mayor, turned over to the deputy sheriff. We think the documents were admissible in evidence to tend to show the bona fides of the arrest under which plaintiff was turned over to the deputy sheriff.

The fifth question challenges the action of the trial court in admitting in evidence certain statements of H. D. Stephens, police officer of Boynton, as to occurrence and as to statements made by the plaintiff when plaintiff was arrested by Stephens in Boynton just before being turned over to the deputy sheriff, and in refusing to strike the testimony of Mrs. Weeks.

All the matters complained of were connected with the arrest and detention of plaintiff and we hold no reversible error was committed in this regard.

The sixth question is as follows:

"The uncontradicted evidence shows that J. T. Lawrence, a deputy sheriff, took plaintiff in custody without a warrant and without probable cause, gave him into the custody of J. Edward Hardwick, a deputy sheriff, where he was imprisoned in the office of the sheriff, W. Hiram Lawrence, assaulted and beaten by a deputy sheriff, and taken to the jail by J. T. Lawrence, where he was confined without a hearing until he was released upon bail approved by the sheriff, having been confined without a hearing and without being guilty of any offense, were said parties liable?"

This question, except as to that part which refers to plaintiff's being "assaulted and beaten by a deputy sheriff" has been herein before disposed of.

The record shows that the plaintiff was assaulted by a deputy sheriff, one Tapscot, while he was under arrest but such deputy was not a party to the suit and the assault was not made in the discharge of any duty as a deputy sheriff and was entirely beyond the scope of the authority of such deputy and was committed on the personal responsibility of the assailant and without the knowledge, consent or acquiescence of the sheriff.

The declaration does not allege any acts committed by Deputy Sheriff Tapscot for which the sheriff is in the declaration alleged to be liable. So the sheriff was not liable under the allegations of the declaration for such act. See Swenson v. Cahoon, *supra*.

The seventh question challenges the correctness of the court's instructions to the jury.

We have carefully examined the instructions and find no reversible error.

No reversible error is made to appear, so the judgment should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.