65 So.2d 546 (1953)
WILSON
v.
BACHRACH et al.
Supreme Court of Florida, Division B.
June 5, 1953.
Robert M. Deehl and Price & Price, Miami, for appellant.
Brown, Dean & Hill, Miami, for appellees.
THOMAS, Justice.
The appellees, defendants in the trial court, were awarded a summary judgment and this appeal followed.
It was alleged in the amended complaint that the plaintiff had purchased of the defendants at the restaurant operated by them unwholesome food which caused him to become violently ill, and that he suffered grave damage as a consequence. The defendants' motion to dismiss was denied, whereupon they filed an answer traversing all allegations of the complaint except the one that they did operate the restaurant named. With the pleadings in this state and with depositions taken by the parties on file the motion for summary judgment under 30 F.S.A. Common Law Rule 43 was made on the ground "that the pleadings and depositions show that the plaintiff does not have a cause of action as a matter of law." [Emphasis added.]
This rule provides that such a judgment shall be given "if the pleadings, depositions and admissions on file, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [Emphasis added.]
It seems to us that the presence or absence of a cause of action was determined in plaintiff's favor when the court denied the motion to dismiss and that the ultimate question was the presence or absence of disputed facts relevant to the issue formed by the pleadings. It is only in the event of absence of such an issue of fact that a judgment of this character may be employed to end a case without the intervention of a jury.
The appellees argue very plausibly in their brief that they were entitled to a judgment, but the argument is based too much on the relative weight of their testimony and the construction which they think should be given all the testimony.
We have the definite impression from an examination of the pleadings and depositions, irrespective of the affidavits which appellees insist were not timely filed, that a real question of fact was developed and that the judge, in reality, tried the case. This procedure is not authorized by the rule. It is only where all essential facts are beyond dispute and nothing remains but to determine whether the movant is entitled to a judgment based on those facts that the operation of the rule obviates the need of a jury.
The judgment is
Reversed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.