66 So.2d 214 (1953)
YOST
v.
MIAMI TRANSIT CO.
Supreme Court of Florida, Division B.
July 10, 1953.
Louis Schwarzkopf, Miami Beach, and Knight, Smith & Underwood, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
THOMAS, Justice.
The prime question in this appeal is whether there was lack of a genuine issue of material fact so that the judge was justified in entering a summary judgment for the defendant under Common Law Rule 43, 30 F.S.A.
The appellant alleged that she was a passenger in one of appellee's buses as it proceeded north on North Miami Avenue at the intersection of that avenue and Tenth Street where the bus and another vehicle collided with considerable force throwing *215 the appellant from her seat and injuring her. Such, she claimed, was the result of the negligence of the appellee's driver.
By way of defense the appellee, after denying any guilt of negligence, averred that the appellant, herself, was negligent and that the bus was struck by the car of a third person who was driving at high speed and in total disregard of traffic signs warning him to stop at the intersection.
In her complaint the appellant demanded a trial of the issues by a jury.
With the pleadings in this state the appellee moved for a summary judgment offering in support of its motion affidavits of the bus driver and a person who was a passenger in the bus at the time of the collision.
In determining the presence or absence of a genuine issue of material fact, we will, while examining the affidavits, resolve any doubts in favor of the appellant who at the outset asserted her right to a jury trial. Of course, the movant should have prevailed if beyond doubt salient facts were not really in issue and the controversy had resolved into one purely of law to be decided on undisputed basic facts.
With these principles in mind we now undertake to reconstruct from the affidavits the incident that resulted in appellant's injury.
The bus driver deposed that he was driving in a northerly direction on North Miami Avenue at the approximate rate of 20 miles an hour when he entered the intersection. As he approached Tenth Street the bus driver's view was obscured because of a building on the southeast corner that was flush with the sidewalk. When he drew into the crossing he saw a vehicle approaching from the east at a high rate of speed, despite the presence of upright stop signs and stop signs painted on the pavement. The driver immediately applied the brakes and attempted to swerve. Just as he did so the other vehicle struck the bus near the right front door and wheel.
The passenger added little to the version of the driver.
At this point a summary judgment was entered, but upon motion of the appellant it was set aside and at a subsequent hearing the appellant offered the deposition of the bus driver which contained a more elaborate account of the occurrence. There is no need here to analyze this testimony because it changed none of the essential details we have already given, but he did give some replies that are very significant to us as we test the propriety of the summary judgment. He was asked if at the intersection he customarily looked for cars coming through from the other direction and replied, "I have a through street, and those streets [such as Tenth Street] are all stop streets." Then came the following questions and answers:
"Q. All right. Does that mean you don't have to look then? A. Yes.
"Q. Well now, as you approached 10th Street, did you, as a matter of fact, look to your right into 10th Street before you saw this negro [driver of the other vehicle]. A. No; I don't believe I did. I might have.
"Q. But you are not sure that you did? A. I know I didn't. I have a through street there. If I looked up and down every street I would never get to where I am going." (Italics supplied.)
All this means to us that the driver of the bus entered an intersection that was "blind" to his right without being concerned with ascertaining whether some car was approaching from that direction, and that his vehicle was struck by a car driven by a person who was traveling at excessive speed and who ignored the signs indicating that he was on a stop street.
We are impelled to agree with the appellant that such facts did not eliminate every genuine issue of material fact leaving the matter for determination by the judge as one of law. Even if the collision was attributable to the improper operation of the other car it does not follow that the negligence of the driver of that car was the sole cause of the injury. To reach that conclusion it seems to us it would be necessary to hold that the bus operator, as a fact, was himself not exceeding the speed limit fixed by law, which the record does not disclose, *216 and to assume that at the particular place where his view was obstructed by the building as he neared the intersection there was no duty to observe any motorcars even though coming from his right simply because he was proceeding along a favored street. The fact was material; the assumption would be one to play havoc with principles to which we are committed, such as the doctrine of last clear chance.
Whether the defendant's operator was innocent of any negligence is, to say the least, quite doubtful, and we cannot give the appellee the benefit of the doubt when to do so would deprive its adversary of the right to a jury trial which was not only not waived but asserted.
It should be remembered that this is not a controversy between an occupant or driver of one motorcar and the driver of another growing out of a collision, but between a passenger and a common carrier. The appellee-carrier was charged with exercising the highest degree of care for the appellant-passenger and this responsibility could not be evaded simply because the driver of the other vehicle was negligent. If the appellee's driver was negligent too and that negligence was a proximate cause of the injury, liability would follow. This was a question to be determined by a jury.
In matters of summary judgment neither the trial court nor the appellate court is justified in weighing facts and meting out justice according to the conclusion reached. The procedure cannot be followed unless the facts are so crystallized that nought remains but a question of law. We do not think this situation obtained when the summary judgment was entered, because taking into account the entire record we think the judge could not have been certain that the conduct of the bus driver was so free of fault, the speed of the bus at the particular time and place so clearly within regulations of law and reason, and the duty to care for the safety of his passengers so fully performed that no just decision could be reached but that the appellant could look to the driver of the other car alone for redress.
We are fully conscious of the great benefit of the rule authorizing summary judgments in expediting litigation and we wish to foster its use, but we must at all times realize that the process is circumscribed by the guaranty of trial by jury.
Reversed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.