THOMAS, Justice.
In this case the appellant claimed damages in a substantial amount for the death of her husband which she alleged had resulted from the negligence of the driver of appellee’s truck by parking the vehicle partially on a highway without lights and causing a collision with the truck by a car in which the husband was travelling as a guest.
In the answer were denials of “[e]ach and every” allegation of the complaint except ownership and use of the truck by the defendant. Many affirmative defenses were presented. It was averred that the plaintiff’s husband and the driver of the car were joint adventurers; that the driver was the agent of the husband and operated the car negligently; that the husband, himself, was driving the car negligently; that at the time of the collision the driver was drunk and the husband knew of his condition ; and that the husband “proximately” contributed to the happening of the collision by not remonstrating with the driver about the negligent way the car was being operated.
The first motion by the defendant for summary judgment was denied. Later the motion was renewed and a different judge granted it. Meanwhile, it seems, one additional deposition had been submitted. In the later order the judge reviewed at some length the facts surrounding the fatal collision such as the amount of liquor consumed by the husband and his companions, the arrangement under which they began their journey, the relative positions of car and truck immediately preceding the impact, the absence of flares and the presence of light on the platform where the truck was being loaded, the familiarity of the husband with the locale, the presence in the car after the accident of broken and unbroken liquor bottles and the fact that the driver of the car had pleaded guilty to manslaughter for causing the death of plaintiff’s husband.
The record and the court’s analysis of what it contained convince us that it could not have been properly decided in this case that there were no genuine issues of fact requiring trial before a jury. For instance, there is dispute about the position of the truck at the time of the collision, that is, whether it was partly on or entirely off the highway. With reference to this feature of the case, the judge himself observed in his order: “[tjhere is also a question as to whether the front of the truck was parked in such a way as to extend over the yellow line marking the west side of the highway.”
We have so often announced the test, we will not reiterate it here other than to say that the factual situation was not so clearly and undisputably crystalized that only questions of law remained for decision, and services of a jury would have been useless. Yost v. Miami Transit Co., Fla., 66 So.2d 214; Wilson v. Bachrach, Fla., 65 So.2d 546.
*420 We are impelled to hold that the summary judgment should be reversed and that the cause should proceed to trial before a jury. Because of this conclusion, there is no need to discuss or decide the propriety of the last order when a judge of the same jurisdiction had previously entered an order of contrary effect, a question we discussed in Groover v. Walker, Fla., 88 So.2d 312.
Reversed.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.