CARROLL, CHAS., Chief Judge.
This is an appeal from a summary judgment rendered in favor of the defendant, in an action for personal injuries filed in the Circuit Court of Dade County.
The appellant, who was the plaintiff below, alleged that he was a sports writer for a Miami newspaper, assigned by the paper to cover a golf tournament held at the defendant’s hotel and club property; that defendant’s servants placed him at a table in front of a scoreboard to enable him *639 to report the tournament; that the scoreboard was not anchored securely and that it fell on him causing the injuries complained of; that the unsecured scoreboard rendered the premises unsafe, which fact was known or should have been known to defendant; and that he was not warned of the hazard.
By its answer the defendant denied negligence and pleaded contributory negligence, and that the accident was due to an act of God.
The defendant took the-plaintiff’s deposition on discovery, and then moved for summary judgment relying expressly on plaintiff’s deposition in support of the motion. -
The assignments of error challenged the entry of the summary judgment, and particularly the finding inherent therein that plaintiff was guilty of contributory negligence as a matter of law.
The initial consideration here is the relationship of the parties and the consequent nature of the duty owed to the plaintiff by the defendant as occupier of the premises. From the pleadings and plaintiff’s deposition it is shown that the tournament was a business promotional undertaking of the defendant; that defendant invited newspaper coverage of the tournament, and that plaintiff was an experienced golf tournament reporter assigned by his paper to that duty; that he became a guest of the hotel for that purpose; that he arrived at defendant’s hotel the night before the tournament, and his room and meals were furnished to him free by defendant; that defendant assigned him a table located a few feet in front of the scoreboard, on which he was to work making notes of the names of the entries, their home towns or addresses, their scores and the progress of the tournament; that there were three scoreboards placed end to end located on the golf course grounds; that a wind of about 25 to 30 miles per hour was blowing; and that under those conditions he worked in the morning for an hour and a half or two hours in front of the scoreboards, after which the scoreboard in question blew over and struck him on the head, with certain results not necessary to detail here.
On the motion for summary judgment, the plaintiff was entitled to be regarded as an invitee, applying the rule that the court should indulge all proper inferences in favor of the party against whom a summary judgment is requested. Yost v. Miami Transit Co., Fla.1953, 66 So. 2d 214, 215; Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116, 119.
Thus, plaintiff was in a position of one who, although on the defendant’s premises in his own business interest and that of the newspaper which employed him, was there as the invited guest of the defendant to assist in defendant’s promotional tournament. That would make his presence on the premises one for the mutual aid of both the plaintiff and the -defendant, and make him an invitee as distinguished from a mere licensee. McNulty v. Hurley, Fla.1957, 97 So.2d 185, 188.
The defendant owed to such invitee the duty to keep the premises in a reasonably safe condition and to guard against subjecting the plaintiff to dangers of which the owner or occupant was cognizant or might reasonably have foreseen. First Federal Savings & Loan Ass’n v. Wylie, Fla.1950, 46 So.2d 396; Messner v. Webb’s City, Fla.1952, 62 So.2d 66; McNulty v. Hurley, supra.
In view of the invitee status of the plaintiff, the resulting duty owed to him by defendant, plaintiff’s charge that such duties were violated, and defendant’s denial, it is apparent that the issue raised as to negligence of the defendant was not dispelled by plaintiff’s deposition. Therefore, the summary judgment is without support, unless the plaintiff has shown by his deposition that he was guilty of contributory negligence as a matter of law.
*640 On reading the discovery deposition of the plaintiff we are unable to agree with the conclusion of the able trial judge that plaintiff’s deposition shows' him to be guilty of contributory negligence as a matter of law.
In support of the summary judgment the defendant-appellee argued that plaintiff was guilty of contributory negligence because he knew that a strong wind was blowing; that plaintiff had had experience with such scoreboards and knew that winds had caused similar scoreboards to blow over when not properly secured; and that he knew the scoreboard in question was not secured. Appellee called upon the rule stated in Becksted v. Riverside Bank of Miami, Fla.1956, 85 So.2d 130, that an invitee must see that which would be obvious from ordinary use of his senses and must observe obvious and apparent conditions of the premises. Appellee argued further that because plaintiff sat in front of the scoreboard for almost two hours, he should have noticed the effect of the strong wind on it, and realized it would blow over later.
In seeking reversal, appellant .urged that his experience as a sports writer, in making and using such scoreboards on previous occasions, could not establish that he should know that this scoreboard under these particular conditions would not be safe; that his knowledge that a strong wind was blowing did not, of itself, make his presence before the scoreboard contributory negligence ; that in his deposition he said he did not notice the scoreboard being affected by the wind, and there was no other evidence to contradict him; that he did not say he knew the scoreboard was not anchored and secured, but said he learned that fact the next day; that he worked in front of the scoreboard for an hour and a half to two hours, and so far as the record shows the wind conditions were the same during that time; and the fact that the scoreboard was not upended by the wind during that period, would tend to indicate that it was secure and safe, rather than the contrary,
These opposing arguments on the facts, as well as the record on appeal, show that there were genuine issues of fact on the questions of negligence of the defendant and contributory negligence of the plaintiff.
Plaintiff was entitled to rely on the premises being reasonably safe for his uses, and while he was required to exercise due care for himself to the extent of noticing that which was obvious in the ordinary use of his senses, he was not required to inspect or look out for danger in circumstances where he had no reason to expect it, First Federal Savings & Loan Ass’n v. Wylie, supra, 46 So.2d at page 398; Mertz v. Krueger, Fla.1952, 58 So.2d 160, 162, and especially where as an invitee he was “expressly invited to a particular part of the premises in the course of the business in hand”, Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, 437, L.R.A. 1916C, 1208.
For the court to determine this case on the contested issues and the inconclusive facts presented by the record, on defendant’s motion for summary judgment, amounts to a trial of the case by the judge. It was the province of a jury to determine the essential facts which were in dispute, and to draw the evidentiary inferences from the facts, the need for which the circumstances of this case required. Wilson v. Bachrach, Fla.1953, 65 So.2d 546; Yost v. Miami Transit Co., supra, Fla.1953, 66 So.2d 214, 216.
Therefore, we conclude that the court was in error in holding that no genuine issue as to any material fact existed and that the moving party was entitled to judgment as a matter of law.
Reversed.
HORTON and PEARSON, JJ., concur.