HORTON, Judge.
Plaintiff-appellant brought this action against the sheriff, T. A. Buchanan, Stringer, one of his deputies, and Dade County. The complaint alleged in substance that Stringer unlawfully arrested plaintiff and in the process, by use of excessive force, broke her arm. It was further alleged that plaintiff was wrongfully imprisoned, denied medical attention, shackled to a bed, and not informed of her alleged crime. The complaint makes additional allegations which we deem unnecessary to delineate.
The lower court sustained the sheriff's motion to dismiss for failure to' state a cause of action, thus giving rise to this appeal. After carefully reviewing the allegations of the compaint, we conclude that plaintiff has alleged sufficient facts to withstand the motion to dismiss. It has long been the rule in Florida that sheriffs are civilly liable for the acts and omissions of their deputies if those acts or omissions transpire within the scope of a deputy’s employment and by virtue of the office. Malone v. Howell, 140 Fla. 693, 192 So. 224. Under § 30.07, Fla.Stat., F.S.A., “[s]heriffs may appoint deputies * * * and for the (the deputies’) neglect and default * * * in the execution of their office the sheriff shall be responsible.” The principle under which the sheriff is held answerable for the actions of his deputies is that while acting officially, the deputies are the sheriff acting. Axiomatic is the proposition that sheriffs cannot be held accountable for all actions of their deputies during the course of their employment. Hence, the line between acts done under color of office and those done by virtue of office has been drawn. Malone v. Howell, supra.
Tortious acts committed by virtue of office are said to involve an abuse of power, whereas tortious acts committed under color of office involve usurpation of power. Malone v. Howell, supra; Holland v. Mayes, 155 Fla. 129, 19 So.2d 709.
In this opinion we do not attempt to reach the merits of plaintiff’s cause. However, we cannot say as a matter of law that considered in a light most favorable to plaintiff under none of the circumstances alleged in her complaint can she sustain an action against the sheriff either under the *507 •common law of Florida or the statute, § 30.-07, supra. Whether she can show that she was in fact injured as alleged and such' injuries were incurred at the hands of the sheriff’s deputy acting in the course of employment and by virtue of office are matters which we are not called upon to decide at this time.
Accordingly, the decision of the lower •court is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.