PER CURIAM.
This is an appeal by the plaintiff below from a summary final judgment entered by the Civil Court of Record in favor of the defendant in an action charging tortious interference with a contract for a real estate brokerage commission.
The summary judgment was granted after trial court had denied defendant’s motion to strike and dismiss the third amended cojnplaint. The court, after having considered the deposition of the plaintiff, the written interrogatory and all the pleadings of the parties, found “that there is no material issue of fact to be determined and that the defendant, Louis Florio is entitled to judgment as a matter of law”.
The presence or absence of a cause of action was determined, by the trial court when it denied the motion to dismiss. Therefore, the ultimate question to be decided on’ motion for summary judgment was the presence or absence of disputed facts relevant to the issue formed by the pleadings. It is only in the event of absence of such issues of fact that a summary judgment can be properly entered.[1]
The movant had the burden to show from the pleadings, depositions and interrogatories on file that there was no genuine issue as to any material fact and that the movant was entitled to a judgment as a matter of law.
Our examination of the record discloses that the movant failed to carry his burden. Therefore, we must conclude that the trial court erred in determining that the defendant was entitled to the judgment as a matter of law. Accordingly the judgment appealed is reversed.
Reversed.

. Rule 1.36, Fla.Rules of Civil Procedure, 30 F.S.A.; Wilson v. Bachrach, Fla.1953, 65 So.2d 546.