PIERCE, Judge.
This is an appeal by Sylvia Mendez and Aristides Perez Mendez, plaintiffs in the Court below, from a final summary judgment entered in favor of defendant Ed Blackburn, Jr., former sheriff of Hillsbor-ough County, Florida, hereinafter called the Sheriff.
Plaintiffs sued the Sheriff in the Hills-borough County Circuit Court for money damages for injuries allegedly received as a result of false arrest, malicious prosecution, assault and battery, etc. Deputy Sheriffs William R. Weldon and David W. Mount were also named as defendants but they were never served, since deputy Mount was dead and deputy Weldon had departed the jurisdiction. The complaint, filed on May 13, 1966, alleged that Weldon and Mount, on May 15, 1964, while “under the direction, control and supervision” of the Sheriff, choked, hit, beat and falsely arrested the plaintiff Mendez, and “leaped over the counter and maliciously hit” plaintiff Sylvia Mendez, while in the restaurant operated by plaintiffs in Tampa. The Sheriff filed motion to dismiss on June 6, 1966, and in due course interrogatories were propounded and depositions of numerous witnesses were taken.
*699 There had been a previous suit filed by-plaintiffs on the same cause of action, dismissed for lack of prosecution, wherein depositions of deputies Weldon and Mount, the Sheriff, and the two plaintiffs had been taken, which together with the new depositions, were all before the Court in the current case.
On January 26, 1967, the Sheriff moved for summary judgment. On April 20, 1967, the trial Judge entered two orders, one denying the Sheriff’s motion to dismiss, and the other entering final summary judgment in favor of the Sheriff. In the order entering summary judgment the Court commented that liability was sought to be imposed upon the Sheriff—
“because at the time of the acts complained of said defendant was Sheriff of Hillsborough County, Florida, and not because of any act done by defendant Blackburn [who] did not participate in, did not direct or order, had no knowledge of, did not consent to, and did not authorize any of the acts complained of; and, there is no basis in the record for a contrary inference * * * ■ and * * the Court * * * finds that there is no genuine issue of material fact and that the Sheriff may not be held liable for the acts of the deputies complained of.”
The order stated that the Court had reached such conclusion upon consideration of the pleadings and all the depositions filed in.the cause, which included those filed in the previous case, and also the affidavit of the Sheriff filed in support of his motion for summary judgment, which affidavit set forth inter alia—
“That he was the duly elected sheriff of Hillsborough County, Florida, at the time of the acts alleged therein; that deponent was not present and did not in any way participate in the acts alleged to have been committed b) William R. Weldon and David W. Mount; that the alleged acts were not directed or ordered by deponent at any time; that he has no personal knowledge by his own observation of the alleged acts or events leading up to same; that the alleged acts were done without the knowledge and consent of deponent; that the said William R. Weldon and David W. Mount were never at any time authorized by deponent to commit an assault and battery on the person of plaintiffs or make a false arrest; that if said deputy sheriffs committed an assault and battery upon the person of plaintiffs for no apparent reason or if a false arrest was made, such acts were entirely beyond the scope of their authority as deputy sheriffs.”
We agree with the able Circuit Judge in his finding that there was no genuine issue of material fact left in the case upon which the Sheriff could, as a matter of law, be held liable for the alleged acts of his deputies.
Before getting into the merits of the appeal, we will dispose of one collateral matter raised by the plaintiffs. It is argued that, because the Court denied the Sheriff’s motion to dismiss the complaint, this in some way precluded the granting of the Sheriff’s motion for summary judgment. This does not follow at all. Even the two cases cited by plaintiffs, Wilson v. Bachrach, Fla.1953, 65 So.2d 546, and Lewis v. Florio, Fla.App. 1965, 179 So.2d 898, are not authority for this proposition. As said in Wilson, the denial of a motion to dismiss merely determines that plaintiff’s complaint on its face sets forth a cause of action, but that the issue upon a motion for summary judgment is whether there are any “disputed facts relevant to the issue formed by the pleadings”; and that such issue, i.e., “the presence or absence of [relevant] disputed facts”, can only be determined from the proofs before the Court when the motion is considered. It was upon the basis of the proofs before the Court that the instant summary judgment was entered in behalf of the Sheriff.
Moving to the merits of the case, the proofs before the Court, including depo *700 sitions of plaintiffs themselves, establish without dispute the following facts: that the Sheriff was not present when the provocative acts against plaintiffs were committed; that while Weldon and Mount were deputy sheriffs on that day, the acts complained of were without the Sheriffs knowledge or consent, and the only orders the deputies had were to enforce, not violate, the law; that the Sheriff did not “supervise, direct or control” the alleged unlawful acts of the deputies; and that their conduct on that occasion, even if true, was that of usurpation, not abuse, of their authority as deputies.
The law in Florida is clear that a Sheriff is liable for “only those acts of a deputy that involve an abuse of power reposed in him and not those involving a usurpation of power”. (Emphasis supplied.) Swenson v. Cahoon, 1933, 111 Fla. 788, 152 So. 203. “The usurpation of power” says the Supreme Court in Swenson, “has reference to the unlawful assumption, or seizure and exercise of power not vested in one * * 5jí »
In Goodrich v. Lawrence, 1939, 138 Fla. 287, 189 So. 233, the Supreme Court held that a Sheriff was not liable for an assault and battery inflicted by his deputy, even when the person assaulted was under arrest, where “the assault was not made in the discharge of any duty as a deputy sheriff and was entirely beyond the scope of the authority of such deputy and was committed on the personal responsibility of the assailant and without the knowledge, consent or acquiescence of the Sheriff”.
It is true that the complaint in the case sub judice alleged that the two deputy sheriffs, at the time they committed the acts complained of, “were acting in their capacity as Deputy Sheriffs and under the direction, control and supervision” of the Sheriff, and it was undoubtedly this allegation that prompted the trial Judge to deny the Sheriff’s motion to dismiss. The complaint, by the inclusion of such averment, stated a cause of action against the Sheriff. Goodrich v. Lawrence, supra; Waters v. Dade County, Fla.App.1964, 169 So.2d 505.
But the proofs submitted upon the motion for summary judgment completely negated the quoted allegation. Such allegation was crucial and indispensable to plaintiffs’ cause of action. And when the proofs left no genuine issue of this material fact, the Sheriff’s non-liability was clearly established. The Sheriff could have, and in fact did, for purpose of this motion for summary judgment, admit the other material facts of the complaint. And well he might, for plaintiffs’ case rested upon this evidentiary link between the deputies’ acts and the Sheriff’s liability. See Malone v. Howell, 1939, 140 Fla. 693, 192 So. 224.
The judgment appealed from is
Affirmed.
ALLEN, Acting C. J., and HOBSON, J„ concur.