HEWITT, ROBERT, S., Associate Judge.
Plaintiff, William A. Posey, brings this appeal from a final judgment dismissing plaintiff’s cause of action against the defendant, the Honorable S. D. Starr, Sheriff, Orange County, Florida.
The second amended complaint in this proceeding was dismissed as to the Defendant-Starr and plaintiff did not serve an amended pleading against this defendant. Plaintiff urges that this complaint stated a cause of action upon which relief may be granted against Defendant-Starr and suggests that the court erred in dismissing it.
The second amended complaint alleges that while the sheriff’s deputy had the plaintiff in custody as a prisoner and while the plaintiff was surrendering without resistance and standing with his hands over his head the deputy willfully and intentionally, with no cause or provocation, commenced to assault, beat and bruise plaintiff in and about his head with a billy club. We are of the view that such allegations fail to state a cause of action against the *288 sheriff and that the trial court properly dismissed the complaint.
In attempting to effect an arrest a sheriff or his deputy who negligently resorts to an unnecessarily strong degree of force to effectuate the arrest is guilty of a wrongful act to which the sheriff may be required to respond in damages. Here the plaintiff did not allege an excessive use of force to accomplish an otherwise lawful purpose. The lawful purpose had been accomplished by the deputy when he took the plaintiff, an escapee, in custody. Thereafter the authorized legal duty of the deputy is to conduct the prisoner to jail or to a magistrate.
In the case of Goodrich v. Lawrence, 1939, 138 Fla. 287, 189 So. 233, 236, the court discusses the legal liability of a sheriff to respond in damages to a person who was assaulted by a deputy while in his custody. In that case the Supreme Court specifically held that, where the plaintiff is assaulted by a deputy sheriff while he is under arrest and the assault committed is not made in the discharge of any duty as a deputy sheriff, the sheriff may not be held liable. Such an assault is entirely beyond the scope of authority of a deputy and is committed on his own personal responsibility.
In the case of Swenson v. Cahoon, 1934, 111 Fla. 788, 152 So. 203, 204, the Supreme Court said:
“ * * * The rule seems settled by the decided weight of authority that, in the absence of statute to the contrary only those acts of a deputy that involve an abuse of power imposed in him and not those involving a usurpation of power, will the sheriff be required to answer for.”
In its opinion the Supreme Court points out that pursuant to F.S. § 30.07, F.S.A. sheriffs are authorized to appoint deputies and are made responsible “for the neglect or default of his deputies”. The effect of this act does not repeal the applicable common law where the liability of the sheriff was determined by the manner of performing acts done within the scope of his authority. The Court also stated:
“In other words, in order to render the sheriff liable for the act of his deputy, the act must be done by virtue of his office as a deputy, and in order that it have that character it must be committed in an attempt to serve or execute a writ or process and as a means to that end, or in acting under a statute giving him the right to arrest without warrant, otherwise he is acting as an individual.” (Emphasis added.)
Upon petition for rehearing in the same case Justice Terrell clarifies the opinion by stating that only upon those acts of a deputy that involve an abuse of power, as distinct from a usurpation of power, will the sheriff be held legally liable.
In the case of Waters v. Dade County, Fla.App.1964, 169 So.2d 505, the District Court of Appeal of Florida, Third District, held:
“ * * * It has long been the rule in Florida that sheriffs are civilly liable for the acts and omissions of their deputies if those acts or omissions transpire within the scope of a deputy’s employment and by virtue of the office. Malone v. Howell, 140 Fla. 693, 192 So. 224. Under § 30.07, Fla.Stat, F.S.A., ‘[s]heriffs may appoint deputies * * * and for the (the deputies’) neglect and default * * in the execution of their office the sheriff shall be responsible.’ The principle under which the sheriff is held answerable for the actions of his deputies is that while acting officially, the deputies are the sheriff acting. Axiomatic is the proposition that sheriffs cannot be held accountable for all actions of their deputies during the course of their employment. Hence, the line between acts done under color of office arid those done by virtue of office has been drawn. Malone v. Howell, supra.
“[3] Tortious acts committed by virtue of office are said to involve an abuse of *289 power, whereas tortious acts committed under color of office involve usurpation of power. Malone v. Howell, supra; Holland v. Mayes, 155 Fla. 129, 19 So.2d 709.”
After a careful consideration of the record we are of the view that all other assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.
CROSS and REED, JJ., concur.