QUESTIONS: 1. Does a law enforcement agency have the authority, obligation, or responsibility to dispatch an officer to "stand by" while a citizen retrieves personal property allegedly held by another? 2. Is the agency liable for negligence if it does not respond to calls of this nature? 3. What are the officer's legal rights if the spouse of the complainant requests that he leave the premises and the complainant requests that he stay, after the officer answers a family-dispute call, and is invited into the home by the complainant?
SUMMARY: A law enforcement agency has no obligation or responsibility to answer a call to "stand by" while a citizen retrieves personal property although the agency may respond to such call if there is good reason or probable cause to believe that the proposed action of the citizen will result in a breach of the peace or other violation of the criminal laws of this state. A law enforcement agency would not be liable for negligence because of refusing to respond to calls of this nature. An officer answering a family-dispute call, once inside the premises (by invitation), may remain inside if he thinks it advisable so to do when one spouse requests him so to do, even though the other spouse requests him to leave. AS TO QUESTION 1: The sheriff's office certainly has the authority to respond to such a request pursuant to its statutory authority to be a conservator of the peace. Section 30.15(5), F.S. This is particularly true when the sheriff has reason to believe that such action on the part of a citizen will result in a breach of the peace or other violation of the criminal laws of the state. However, absent such reason or probable cause to so believe, I have been unable to discover any obligation or duty on the part of the sheriff's office to respond to such a call. I know of no specific local law imposing such a duty. A dispute between citizens over the rightful ownership or possession of personal property is a civil matter, and the law affords an adequate remedy for the settlement thereof. Section30.15, F.S., confers only general powers and duties upon the sheriff, none of which include a duty to respond to such a call as described in the above question. I think that, should the sheriff's office respond to this type of call without good reason or probable cause to believe that the criminal laws of this state may be violated, it could be looked upon as an unwarranted interference in a civil matter. AS TO QUESTION 2: This question is answered in the negative. A sheriff is liable only for those acts of a deputy that involve an abuse of the power reposed in him and not those involved in a usurpation of power.
Mendez v. Blackburn, 205 So.2d 697 (2 D.C.A. Fla., 1967), quashed on other grounds, 226 So.2d 340 (Fla. 1969). AS TO QUESTION 3: Upon answering a family-dispute call, once the officer is inside the premises (by invitation), he may remain there if he so desires or thinks it advisable when one occupant or spouse requests him so to do. It is difficult to lay down any hard and fast rule to follow in situations like this. I think the police officer must be guided by the particular situation which confronts him and exercise his best judgment as to whether or not he should leave or remain.