PER CURIAM.
Appellants contend, inter alia, that it was error to hold the sheriff and his surety liable for appellee’s damages incurred when deputies made an arrest for a felony without having probable cause to believe appel-lee had committed the felony. The issue is whether such an act involves an abuse of power which arises by virtue of office or a usurpation of power which arises under col- or of office. The latter absolves the sheriff’s office of liability for the acts of the deputies. The former does not. We hold appellants are liable. The deputies abused the power to arrest without a warrant for a felony which “has been committed.” § 901.15(2), Florida Statutes (1975). We think Mendez v. Blackburn, 226 So.2d 340 (Fla.1969) is analogous. There, the petitioners claimed damages for false arrest, malicious prosecution, and assault and battery by two deputies who had undertaken to arrest Mendez for committing a felony in their presence. The court found an inference of an abuse of power precluding summary judgment, to wit: “the power to make an arrest without a warrant for a felony being committed in the officers’ presence.” 226 So.2d at 344.
Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939), is distinguishable. There, the police attempted an arrest without a warrant for a misdemeanor, when no misdemeanor was committed in the presence of the officers. The law did not authorize this type of arrest. Also, Goodrich v. Lawrence, 138 Fla. 287, 189 So. 233 (1939), cited by appellants, is distinguishable. It involved a wrongful act of a deputy which was a completely independent, personal act totally unrelated to any responsibility arising by virtue of office. See Goodrich explained in Mendez, supra, at 343. The other points raised do not merit discussion.
Affirmed.
ERVIN and SHAW, JJ., and MELVIN, WOODROW M. (Retired), Associate Judge, concur.