CARROLL, Judge.
This is an appeal by the defendant below from an adverse judgment based on a jury verdict in a personal injury action. The plaintiff Clare Wright, a youth 18 years of age, was injured leaving the defendant’s place of business when he walked through a glass door. The action brought by the minor through his mother resulted in a verdict for him in the amount of $9,000 and a verdict for his mother for $500.
The defendant operated a bar and lounge. The entrance was an opening eight feet high and five or six feet wide. It was secured, when closed, by a sliding glass panel. The glass was clear and bore no marking. It was edged by aluminum strips several inches wide, was operated on an aluminum track and when not in use was out of sight.
The minor, who will be referred to as the plaintiff, had visited the place as a customer at night more than fifty times. On those occasions the entrance was open,, and the plaintiff did not know of the glass panel or door. The entrance led into a vestibule area, on the left side of which there were solid double doors leading into the bar area. Inside the entrance area on the right there were similar double doors leading into the lounge portion of the premises.
The plaintiff, who was a saxaphone player, on learning the defendant was to hold auditions for musicians, went to the defendant’s place of business around 10:00 o’clock A.M. to be auditioned.[1] He entered the premises by the front doorway which was open, and proceeded through the vestibule into the lounge area. After he had been there approximately two hours it was decided he should obtain his own saxaphone from his automobile which was parked outside. In departing, plaintiff proceeded from the lounge into the vestibule, turned left and went head first through the sliding glass panel or door which at that time closed the entranceway.
Appellant’s contention that no jury questions were presented as to negligence and contributory negligence is without merit. Cases involving injuries resulting from contact with closed glass doors are of little help as precedents, because such *332 cases generally must be determined upon their separate facts. Harold Corporation v. Herzberg, Fla.App.1959, 110 So.2d 683, 685. Pettigrew v. Nite Cap, Inc., Fla.1953, 63 So.2d 492, relied on by the appellant is distinguishable on the facts. The case of Isenberg v. Ortona Park Recreational Center, Inc., Fla.App.1964, 160 So.2d 132, closely resembles this case on the facts, and negligence and contributory negligence were held to be jury questions there.
In the Isenberg case the first district court of appeal, in an opinion by Associate Judge Hugh Taylor, after noting that apparent inconsistency of opinions in glass door cases appeared to result more from “evaluation of the facts being considered than in inconsistency or vacillation in stating the law,” stated a guide rule, as follows (160 So.2d at 136):
We think the rule is this: It is the duty of every person to exercise his individual faculties, physical and mental, to detect and avoid hazards to that degree that an ordinary and reasonable person having the same physical and mental abilities would exercise such faculties under the same circumstances, taking into account the time, place, physical surroundings, and activities being pursued. If an individual fails to exercise that degree of care and caution he is guilty of negligence, and if that negligence proximately contributes to an accident he cannot recover. If the circumstances are such that the court can say 'as a matter of law’ that the plaintiff in a case has failed to exercise the required care and caution for his own safety and thereby contributed proximately to his injury, then no jury question is presented, and the court should direct a verdict for the defendant. On the other hand, if reasonable men could differ as to whether or not the plaintiff has exercised the required degree of care and caution or whether or not such failure contributed proximately to his injury, the case should be submitted to the jury under proper instructions.”
On reviewing the facts on the present case under the applicable law, including the rule set out in the Isenberg case as quoted above, we hold that the trial court was eminently correct in submitting the issues of negligence and contributory negligence to the jury, and accordingly the judgment is affirmed.
Affirmed,

. Plaintiffs status was that of a business invitee (Wallace v. Boca Raton Properties, Fla.App.1958, 99 So.2d 637), to whom defendant owed “the duty of keeping the premises in a reasonably safe condition” and “to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen.” McNulty v. Hurley, Fla.1957, 97 So.2d 185, 187.