OWEN, Judge.
Appellant sought damages for personal injuries sustained when the motorcycle he was operating at night on a street in the City of Titusville collided with a horse which was running at large. Defendants were the Eckerts (owners of the horse) and the Holloways (owners of the pasture and stall from which the horse had strayed). A summary judgment in favor of the Holloways is here appealed.
The Holloways own, within the City of Titusville, some four and one-half acres of fenced pasture land, together with an adjacent stall area to the west. The property is utilized to pasture and feed horses, the respective owners of which each pay to the Holloways some agreed monthly rental for use of the pasture and stall area. The pasture is completely enclosed by fence with a gate opening into the stall area. The stall area is enclosed by fence on three sides, but unfenced on the west side adjacent to the public street. The several wooden stalls, each of which has a door, are used primarily for feeding of the horses, although on occasion an owner will leave his horse in a stall over night. On the night of the accident the Eckert horse had been left in its stall over night but was able to stray from its stall because of a broken latch on the stall door. Once outside the stall, the horse had open access to the public highway due to the lack of a fence on the street side of the stall area. On several occasions prior to the accident horses pastured on the property had been found running at large, a fact known to Mr. Holloway.
Appellant contends, and we agree, that there were present genuine issues of material fact bearing on the Holloways’ liability as landlord, thereby precluding disposition of the case through means of summary judgment.
A lessor landlord may be liable to third persons for injuries caused by defects in the leased premises during the term of the lease when the defect in or condition of the premises at the time of the lease was in the nature of either an existing or incipient nuisance. Simms v. Kennedy, 1917, 74 Fla. 411, 76 So. 739. The principle which we believe applicable to this case is stated in 49 Am.Jur.2d, Landlord & Tenant, § 911, as follows:
■ “Leases are made with a view to the use of the premises leased, and if at the time of the lease the premises are so defective, or if a structure thereon is of such a nature, that the reasonable, ordinary, and expected use of the property will result in a nuisance, or if the injury to the person or property of a stranger is the result of the reasonable, ordinary, and contemplated manner of use of the premises, the lessor will be responsible *698 therefor, even though the premises, unused and as they stood at the time of the demise, were not of themselves a nuisance or would not have caused injury. In other words, if premises are let in a dangerous condition for the purpose for which they are to be used, or if at the time they are leased, the premises are or contain an incipient nuisance which becomes active by the tenant’s ordinary use of the premises, the landlord is liable to third persons injured as a natural consequence thereof, and while this liability is generally referred to the law of nuisance, it exists when predicated upon negligence, as well as when predicated upon an intentional wrong. In neither case will the mere fact that a lessee is interposed between the property owner and the party injured affect the responsibility of the owner who originates and sanctions the injury.”
Appellant contends that the defect or dangerous condition constituting the incipient nuisance was the absence of a fence on the street side of the stall area, a condition' which existed at the time the property was rented to the Eckerts. A factual issue is presented as to whether this is a defect in or a condition of the leased premises of such a nature that by the tenant’s use of the property for the purposes and in the manner intended by the lease, such use will result in a nuisance. Of course, even if a nuisance is found to exist, a corollary issue is whether such nuisance proximately caused injuries to appellant.
The existence of these factual issues require that we reverse the summary final judgment in favor of the Holloways and remand this cause for further proceedings. The judgment does not set forth the ratio decidendi, and consequently we need not consider the several other grounds advanced by appellant in his brief as reasons why the summary judgment should not have been entered.
Reversed and remanded.
REED, C. J., and WALDEN, J., concur.