BOYER, Chief Judge.
Appellants, defendants below, appeal from an award of damages to appellees in the trial court. Specifically, appellants assert that the trial court erred in denying their motion for a directed verdict and in giving an instruction to the jury on res ipsa loquitur.
Although the case involved several parties, the primary participants in the drama giving rise to the lawsuit are appellants Betty Jean Schnabel (Mrs. Schnabel) and her mother, appellee Dorothy Mormann (Mrs. Mormann). In April of 1961, Mrs. Schnabel purchased a 1961 Buick. After using the car for approximately ten years, Mrs. Schnabel noticed that the car was leaking gasoline, which she immediately had repaired in July of 1971. From this time until the date of the accident, Mrs. Schnabel professed to have no knowledge that her car was leaking gasoline. From December, 1971, until the time of the accident, the car, when not being used, was kept in Mrs. Schnabel’s garage in Ormond Beach and was driven almost daily by Mrs. Schnabel until Mrs. Mormann arrived on July 17, 1972. From July 17 until July 26 (the day of the accident), the car was parked in the garage and was not used. Neither Mrs. Schnabel nor Mrs. Mormann went into the garage after Mrs. Mormann arrived until the date of the accident. On July 21, Mrs. Schnabel went out of town, leaving her mother to take care of the house. In the early evening of July 26, Mrs. Mormann entered the garage for the purpose of using the washing machine. After turning on the machine and walking into the section of the garage where the car was kept, there was an explosion. Mrs. Mormann received severe burns from the explosion and resulting fire.
At trial, Officer Bushid, a Public Safety Officer with the City of Ormond Beach, testified that on the day of the accident he received a call concerning the fire and went immediately to the scene. Upon arrival, he found that the garage door was partially opened, and that a man who was attempting to put the fire out had backed the car out a foot or two. His investigation revealed that the gas line in the 1961 Buick that led from the gas tank to the fuel pump had been leaking at a fast rate. He stated that there were at least four overlapping gasoline stains with tire marks through them on the garage floor. There was one fresh stain which covered approximately three-fourths of the garage floor. He detected the smell of gasoline within the garage and noted several electrical devices in the garage which might have produced a spark sufficient to ignite the fumes that were there. In response to a hypothetical question, Officer Bushid testified that the gasoline leaking from Mrs. Schnabel’s automobile was ignited by a spark from the washing machine.
We turn first to appellants’ objection to the res ipsa loquitur instruction. Inasmuch as it appears from the record *199 that an objection to this instruction was not timely raised, we are unable to explore the merits of this point on appeal. (See Coleman v. Allen, Fla.App. 1st, 1975, 320 So.2d 864.
Appellants further urge as error the trial court’s denial of their motion for directed verdict. They claim that the motion should have been granted' where no evidence was adduced at trial from which a jury could have lawfully found that Mrs. Schnabel knew, or in the exercise of reasonable care should have known, that the gas line in her automobile was leaking when she left it in her garage on July 16, 1972. (First American Farms, Inc. v. Marden Mft. Co., Fla.App. 1st, 1971, 255 So.2d 536.) Appellees counter by citing the general rule of law that negligence may be established by direct or circumstantial evidence and may be inferred from the evidence found in the record. Moreover, appellees argue that appellants have not met their burden of demonstrating that the jury verdict was totally contrary to the manifest weight of the evidence. (Wheeler v. Yellow Cab Co. of Orlando, Sup.Ct. Fla., 1953, 66 So.2d 501, 504.)
The crucial factual issue in this case is whether the car in question was leaking gasoline prior to July 17, 1972, and if so whether Mrs. Schnabel knew or should have known of the leak. Both Mrs. Schnabel and Mrs. Mormann testified that between July 17 (the date of Mrs. Mor-mann’s arrival) and July 26 (the date of the accident) neither one of them went into the garage. Further, Mrs. Schnabel stated, without contradiction, that from the time the car was repaired in July of 1971 until the date of the accident, she never smelled any gas in her car or noticed any puddle marks on her garage floor.
There was no direct evidence presented at trial from which a jury could lawfully conclude that Mrs. Schnabel knew or even should have known that the gas line in her automobile was leaking when she left it in her garage on July 16, 1972: Nor was there circumstantial evidence from which a jury could logically and reasonably infer that Mrs. Schnabel possessed such knowledge. In order to arrive at such a conclusion, the jury would have to engage in the practice of piling inference on inference which practice has been expressly forbidden. (Voelker v. Combined Ins. Co. of America, Sup.Ct.Fla.1954, 73 So.2d 403; Food Fair Stores, Inc. v. Trusell, Sup.Ct. Fla.1961, 131 So.2d 730.) Sub judice, to infer from the fact that there were automobile tire tracks running through the gasoline puddle stains on the garage floor that the automobile had been leaking gasoline for a sufficient length of time to permit discovery of the leakage, we would first have to infer that the puddle stains were not formed during the ten days immediately prior to the accident when the car was parked in the garage and not used or even observed by anyone. The foregoing is a classic example of the type of mental gymnastics prohibited by the Voelker and Tru-sell decisions.
Seeking to buttress the jury verdict in their favor, appellees emphasize several facts, to wit: the 1961 Buick was an old automobile; the car had previously leaked gasoline and left a puddle on the driveway; Mrs. Schnabel had noted a lessening of gasoline mileage several days prior to parking the automobile in the garage; another automobile which had been previously kept in the garage did not leak any gasoline; and the fact that gasoline has a peculiar odor, which, when it leaks from a container or hose, is available to be smelled. However, it is impossible to reasonably infer from any of the aforementioned facts or from any other facts contained in the record that the .gasoline began leaking prior to July 17. Neither is there any evidence which would lead to the conclusion that Mrs. Schnabel should reasonably have anticipated or foreseen the leak. Such a conclusion could have only been the product of sheer guesswork.
*200 The appellees having failed to establish the most crucial factual element of their case, appellants’ motion for directed verdict should have been granted. Accordingly, we reverse and remand with directions that judgment be entered in favor of appellants, defendants in the court below.
Reversed and remanded with directions.
RAWLS and McCORD, JJ., concur.