BASKIN, Judge.
Appellants seek review of a directed verdict in favor of appellees entered by the trial court after the jury returned a verdict in favor of appellants.
Michael Wilson, a minor, was severely burned when he and some other children ignited gasoline. Claiming that the gasoline had been obtained from a neighbor’s garage, Michael and his mother filed suit against both the owners and the occupants of the neighboring property.[1] Appellants alleged that storing gasoline in an area accessible to children constituted negligence causing Michael’s injuries.
A default judgment was entered against the tenants, but the case proceeded to a jury trial on the question of the landlords’ liability and on the amount of damages. The jury returned a verdict in favor of appellants finding that the minor’s negligence contributed 75% and the landlords’ negligence contributed 25% resulting in an award to the minor of $29,000 and $4,000 to his mother. The trial court then directed a verdict against appellants. We find no error in the decision of the trial court.
Although appellants contend the jury verdict was supported by evidence, testimony discloses that the landlords had no knowledge that gasoline was stored on the premises formerly lived in by them and subsequently rented to the tenants. Although they may have left some of their possessions in the garage, nothing indicated that the landlords stored gasoline in the garage annexed to the house. Michael was eight years old at the time of the incident. He was playing with the tenants’ children at their home when someone obtained gasoline from a gray can in the garage. The gasoline was then poured into a red cup and brought outside. He did not remember who obtained the gasoline or who poured it into the cup and ignited it. He stated that the gasoline could have come from another neighbor’s home. The landlords stated they never stored any gasoline in the garage. Tenant Ed Wilson testified that he could not remember if he had ever stored gasoline in the garage. His wife indicated that there might have been some, gasoline in the garage for the lawn mower. The evidence in the record is insufficient to support a jury verdict for appellants.
A landlord may be liable to third persons for injuries caused by defects in the leased premises. If premises are leased containing an incipient nuisance which becomes active by the tenants’ ordinary use, the landlord is liable to third persons injured as a natural consequence. Bowen v. Holloway, 255 So.2d 696 (Fla. 4th DCA 1971). In order to find liability on the part of the landlord, it is necessary for the injured party to show that the can with gasoline was left in the garage by the landlord and that the landlord knew that it con *775 tained gasoline. That showing was not made in the trial court. The record does not disclose that the landlords exercised control of the premises. The evidence was therefore insufficient to support the jury’s verdict.
There is no evidence which would lead to the conclusion that the landlord should have anticipated or foreseen the accident. Schnabel v. Mormann, 324 So.2d 197 (Fla. 1st DCA 1975).
In summary, appellees were not shown to have had knowledge, either actual or constructive, that the gasoline was on the premises. Under the circumstances in the record, it was not reasonable to expect appellees to foresee the injury that occurred. Liability for negligence in failing to maintain premises in a reasonably safe condition must be predicated on knowledge that a dangerous condition exists, so that in the exercise of ordinary care, action should be taken to remedy the situation. No liability can attach if it is not shown that the landlord had actual or constructive notice of the dangerous condition. This is especially true where the dangerous condition is traceable to acts of other persons. Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA 1974).
The decision of the trial court is affirmed.

. By coincidence, the parties are all surnamed Wilson: appellants, Michael James Wilson and Mary Wilson, his mother; appellees-landlords, Francis Wilson and Fannie Wilson; and the defendants-tenants, Ed Wilson and Trudy Wilson, who are not parties to this appeal.