412 So.2d 376 (1981)
Richard M. HANNABASS and Norma R. Hannabass, Individually and As Parents and Natural Guardians of Rhonda M. Hannabass, a Minor, Appellants,
v.
FLORIDA HOME INSURANCE COMPANY, Diane Thifault and Timothy Thifault, Appellees.
No. 81-752.
District Court of Appeal of Florida, Second District.
December 9, 1981.
Rehearing Denied January 4, 1982.
*377 John R. Dorough of Price & Price, Bradenton, for appellants.
Douglas P. Lawless of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
GRIMES, Acting Chief Judge.
This is an appeal and cross-appeal from a judgment entered upon a jury verdict in a personal injury action.
Rhonda Hannabass, who was eleven years old at the time, ran through the sliding glass door which separated the living room from the family room in Mr. and Mrs. Thifault's home. She was hospitalized and suffered permanent scarring on her hip. As a result, her parents, individually and on her behalf, sued the Thifaults and their insurer. The jury returned a verdict of $4,000 for Rhonda but none for her parents and concluded that Rhonda and the Thifaults were each 50% negligent.
Mr. and Mrs. Hannabass first contend that they were entitled to a new trial on damages with respect to their claim for medical expenses. They are clearly correct. Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980); Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979); Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 102 (Fla. 1979). The medical expenses of $1,246.16 incurred for Rhonda's treatment were undisputed, and there is a likelihood that further scar revision will be needed. Moreover, nothing in the record indicates that the jury ignored the court's instructions by including the medical expenses in Rhonda's verdict.
On the other hand, we cannot say that the jury's award of $4,000 for Rhonda's damages was legally inadequate. Rhonda suffered no functional disability from the accident, and the permanent scar is not visible except when she wears a bikini. Likewise, we reject the contention made on cross-appeal that the Thifaults and their insurer were entitled to a directed verdict. The passageway through which Rhonda was running when she was hurt was normally kept open, but the Thifaults had closed it the day of the accident because they had turned on the air conditioning. Although it was clear that they had been cautioned to put a warning decal on the door, there was conflicting testimony over whether they had done so prior to the accident. Therefore, the jury was entitled to find some negligence on their part.
We reverse the judgment of zero damages for Mr. and Mrs. Hannabass and remand the case for a new trial on the damages they incurred as Rhonda's parents. The court should reduce any damages awarded to them at the new trial by 50% in accordance with the jury's prior verdict because Rhonda's negligence must be imputed to them. See Hamm v. City of Milton, 358 So.2d 121 (Fla. 1st DCA 1978). We affirm the judgment of $2,000 for Rhonda.
RYDER and SCHOONOVER, JJ., concur.