SHIVERS, Judge.
Appellants/plaintiffs, Arvey and Mary Ann Bass, appeal the trial court’s entry of final summary judgment in favor of the appellee/defendant, Larry Jones, in a negligence action brought by the Basses against Jones. We reverse.
The record on appeal indicates that, in 1981, the plaintiffs were occupants of a house leased from the IBM Corporation and formerly owned by the defendant.[1] While living in the house, defendant, who was not a professional contractor or builder, installed a fireplace, chimney, and flue pipe, allegedly without complying with the applicable building codes or having the installation properly inspected. On November 24,1981, while the plaintiffs were leasing the house, a fire broke out in the chimney and flue pipe, completely destroying both the house and all of the plaintiffs’ personal property.
Plaintiffs filed a second amended complaint in April of 1986 (the first two complaints having been dismissed on defendant’s motions for failure to state a cause of action), alleging that the defendant was negligent in improperly installing the fireplace and chimney, in failing to comply with the Alachua County and Southern Standard Building Codes, in failing to obtain an inspection of the installation, in failing to disclose the existence of a hazardous condition to IBM as purchaser of the house, and in failing to disclose the existence of the condition to the plaintiffs, as lessees of IBM. After answering the complaint, defendant filed a motion for summary judgment, in which he advanced three arguments: (1) that the defendant’s affidavit established that he had neither sold nor rented the house to the plaintiffs and had never had any contact with plaintiffs prior to the filing of their suit; (2) that plaintiffs’ complaint failed to state a cause of action in negligence since the plaintiffs were not the purchasers of the home and the defendant was neither a developer nor in the construction business (citing Strathmore Riverside Villas Condominium Association, Inc. v. Paver Development Corp., 369 So.2d 971 (Fla. 2d DCA 1979); and (3) that plaintiff’s complaint failed to state a cause of action under the Restatement of Torts 2d, section 353, since that section applied only to bodily injury and since the defendant had no knowledge of the alleged defect.
After a hearing on the motion, the trial court entered an order granting summary judgment in favor of defendant, on the basis of plaintiffs’ failure to allege that the defendant was a contractor, manufacturer of the product, or engaged in the business of selling homes or fireplaces, and of plaintiffs’ failure to allege bodily harm as required under section 353. The trial court specifically relied on the authority of the Strathmore case, and found Slavin v. Kay, 108 So.2d 462 (Fla.1959), apparently relied on by plaintiffs at the hearing, to be inapplicable.
We reverse the entry of final summary judgment for several reasons. First, we find that the Strathmore case is not controlling. The issue in that case was whether a condominium developer could be held liable to a remote purchaser for the diminished value of the condominium caused by defects in construction, based on theories of breach of implied warranty of fitness and merchantability. Not only is Strath-more not a negligence case, but it also appears to involve a patent, rather than a latent, defect, and to be based on the reasoning that an original purchaser might accept the building from the developer in a *782 certain condition whereas a remote purchaser might be dissatisfied with the same defect. In such case, the original purchaser’s acceptance would break the chain of liability.
In the Slavin case, found inapplicable by the trial court, the issue was whether a contractor could be found liable for injuries to third parties (other than the original purchaser) caused by the contractor’s negligence, even though the injury had occurred after the original purchaser accepted the contractor’s work. The court in that case reiterated the general rule that where an owner/purchaser accepts the work in its dangerous condition, the contractor will not be liable for later injuries to third parties. As was the case in Strathmore, the owners’ acceptance of the defect would break the contractor’s chain of liability, causing the owner to assume responsibility for the defect or dangerous condition. Slavin went on to hold that in the case of latent defects not discoverable or discovered by the owner/purchaser, the owner could not be said to have assumed the risk of the defect or danger, there would then be no intervening fault to sever the causal relationship between the contractor’s negligence and the injury, and the contractor “should be answerable to the same extent as for any negligent act which involves an unreasonable risk to third parties.” 108 So.2d at 467.
Although Slavin is also not directly on point and does not specifically apply to noncontractors, Restatement (Second) of Torts § 353 does take that step, stating that a vendor of land who conceals or fails to disclose a dangerous condition to the vendee may be liable to the vendee and others who are on the land with the consent of the vendee or a sub-vendee where: (1) the vendee does not know or have reason to know of the condition, and (2) the vendor does know or has reason to know of the condition, realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk. Therefore, plaintiffs’ failure to allege that the defendant was a contractor, manufacturer of a product, or was engaged in the business of selling homes or fireplaces, does not affect their statement of a cause of action under section 353 of the Restatement and does not constitute grounds for the trial court’s order.
The trial court’s finding that section 353 applies only to bodily harm is also erroneous as the appendix to the Restatement (Second) of Torts contains cases brought under section 353 to recover for property damage. See, e.g., Higgenbottom v. Noreen, 586 F.2d 719 (9th Cir.1978).
Last, we find that there remain numerous issues of material fact in dispute— such as whether the defendant had reason to know of the dangerous condition of the fireplace and chimney and whether the defendant failed to obtain an inspection of the installation or to abide by the applicable building codes—all of which preclude the proper entry of a final summary judgment in favor of the defendant.
Accordingly, the final summary judgment is hereby reversed, and this matter is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
MILLS and JOANOS, JJ., concur.

. Although the plaintiffs alleged that the house was sold by defendant to IBM and then leased by IBM to plaintiffs, defendant maintains that he sold the house to an entity known as MJHN Partnership II, and not to IBM.