PER CURIAM.
The dissent occasions this opinion.
While the dissent discusses many of the facts and the law from other jurisdictions, we add more of the former as well as note the extant law of Florida by which the trial court and this court felt bound.
The Cestaris filed a motion for summary judgment, asserting that the Fitzgeralds were barred from pursuing the lawsuit as a result of a release they had executed in favor of the Cestaris and their homeowner’s insurance carrier. In addition, the Cestaris, citing Slavin v. Kay, 108 So.2d 462 (Fla.1958), asserted that the lack of safety glass was a latent defect that was not discoverable by them through normal inspection and that it was the negligence of the original builder that constituted the proximate cause of Fitzgerald’s injuries.
In support of the motion for summary judgment, the affidavit of Jan Cestari and portions of Fitzgerald’s deposition transcript were filed with the court. Jan Ces-tari’s affidavit asserted that he did not install the subject sliding glass door as it was already in place when he purchased the home; that he and his family were unaware of the type of glass that comprised the sliding glass door; and that the type of glass in the subject doors was not readily discoverable by inspection of same.
The Cestaris’ motion for summary judgment was granted by the trial court, which *709 found that the Cestaris had no duty to investigate and determine the type of glass used in the construction of the sliding glass door and that the Cestaris had no duty to place decals or other markings on the door.
As supplemental authorities, the Cestaris furnished this court with copies of two cases that follow the principles enunciated in the Slavin case—Easterday v. Masiello, 518 So.2d 260 (Fla.1988), and Bass v. Jones, 533 So.2d 780 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla.1989).
We agree with the Cestaris that this court should affirm the trial court’s entry of summary final judgment in their favor as the defect in the sliding glass door was a latent defect of which they had no knowledge and which reasonable inspection would not have disclosed to them. We are in agreement with their contention that it is the original builder of the home, pursuant to the holding in Slavin, who should be held accountable for Fitzgerald’s injury.
The issue of whether a particular object constitutes a latent defect has been resolved by this court as a matter of law after an examination of cases defining and describing latent defects. See Egan v. Washington General Insurance Corporation, 240 So.2d 875, 877 (Fla. 4th DCA 1970). Furthermore, it is held that a landlord is not liable for injuries sustained by a child on the landlord’s leased premises in the absence of a showing that the landlord had knowledge, either actual or constructive, of the dangerous condition existing on the premises. See Wilson v. Wilson, 382 So.2d 773 (Fla. 3d DCA 1980).
Although Fitzgerald cites to Florida cases which he claims stand for the proposition that cases involving sliding glass doors normally present factual questions for the jury, our reading of those cases leaves us with the impression that the unresolved issues being submitted to the jury therein involved the contributory negligence, if any, of the injured minor plaintiff. The specific cases cited by Fitzgerald in this regard — Peppermint Twist, Inc. v. Wright, 169 So.2d 330 (Fla. 3d DCA 1964), and Canner v. Blank, 152 So.2d 193 (Fla. 3d DCA 1963) — predate the Florida Supreme Court’s decision in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), wherein the contributory negligence rule was replaced by the comparative negligence rule. Neither party in the instant case raises contributory negligence as an issue.
We perceive the instant case to be one in which the movants, the Cestaris, showed that the negligence charged against them was not causally-related to the plaintiff’s injury as it was the negligence of the original builder that was so causally-related. Holl v. Talcott, 191 So.2d 40, 47 (Fla.1966). Jan Cestari’s affidavit asserts the following:
2. That on April 18, 1984, my family and I were unaware of the type of glass that comprised the sliding glass doors to my home.
3. That the type of glass in the subject doors was not readily discoverable by my inspection of same.
4. That on April 18, 1984, the glass in the subject sliding glass doors was the original glass installed by the original contractors that built my home.
While we affirm the entry of summary final judgment, the Florida Supreme Court may have the opportunity to decide whether further review is appropriate. There is no downside to such opportunity.
HERSEY, C.J., and GLICKSTEIN, J., concur.
DELL, J., dissents with opinion.