569 So.2d 1258 (1990)
Terry FITZGERALD, Etc., Petitioner,
v.
Jan CESTARI, et Ux., Respondents.
No. 75538.
Supreme Court of Florida.
November 8, 1990.
Kenneth R. Drake of Touby, Smith, Demahy & Drake, Miami, for petitioner.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for respondents.
EHRLICH, Justice.
We have for review Fitzgerald v. Cestari, 553 So.2d 708 (Fla. 4th DCA 1989), because of apparent conflict with the decisions of several district courts of appeal. We have jurisdiction, article V, section (3)(b)(3), Florida Constitution, and approve the decision below.
Petitioner, Terry Fitzgerald, filed suit against the Cestaris seeking damages for injuries suffered by her seven-year-old daughter, Brandi, when Brandi ran through a sliding glass door in a single family dwelling owned by the Cestaris and leased by the Cavanaughs. The accident *1259 occurred while Brandi was visiting the Cavanaughs. The complaint alleges that the sliding glass door which was in the rear of the house and which previously had been opened was closed while Brandi was playing in the front yard. Brandi ran through the house, en route to her grandparents' house which was behind the house occupied by the Cavanaughs, colliding with the door. The glass door was not made of safety glass and had no decals or other markings on it. Count I of the amended complaint alleged that the Cestaris breached their duty of care to keep the premises in a reasonably safe condition and to give timely notice of latent or concealed perils, by failing to place decals or other markings on the sliding glass door, and by failing to inspect and repair the sliding glass door because it was not composed of safety glass, as required by the Southern Standard Building Code. Count II alleged that Brandi was a member of the class which was to be protected by the Southern Standard Building Code and, therefore, the Cestaris' failure to maintain their premises in conformity with the code constituted negligence per se.
The Cestaris filed a motion for summary judgment, asserting that the lack of safety glass was a latent defect that was not discoverable by them through normal inspection and that, under the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla. 1958), it was the negligence of the original builder of the premises, who installed the doors, that was the proximate cause of the injuries. In an affidavit filed in support of the motion for summary judgment, Jan Cestari asserted that the glass in the door was the original glass installed in the home when he purchased it; that he and his family were unaware of the type of glass that comprised the door; and that the type of glass in the door was not readily discoverable by his inspection.
The trial court granted summary judgment, finding that as a matter of law the Cestaris had no duty to investigate and determine the type of glass used in the doors and that the Cestaris had no duty to place decals or other markings on the door. A transcript of the deposition of Norman Spangler,[1] a sliding glass door expert, was filed in conjunction with Fitzgerald's motion for rehearing which was denied. Mr. Spangler testified that there are several types of safety glass, including tempered glass, laminated glass and wired glass which could be used in sliding glass doors. However, the only type of safety glass he had seen used in such doors was tempered glass. He testified that one cannot tell if a sliding glass door is tempered or untempered by the look of the glass. This can be determined by looking for markings in the corners of the glass. According to Mr. Spangler, tempered glass typically is imprinted with the manufacturer's name, the thickness of the glass and the fact that the glass is tempered. Mr. Spangler testified that to his knowledge, nonsafety glass has no markings at all. He further testified that a person not in the sliding glass door business would have to call a glass shop to learn that if there are no markings on the glass in a sliding glass door it is not tempered for safety.
On appeal, the Fourth District Court of Appeal affirmed. The court reasoned that, as a matter of law, the defect in the sliding glass door was a latent defect of which the Cestaris had no knowledge and which reasonable inspection would not have disclosed to them. The court held that under the Slavin doctrine it is the original builder who should be held accountable for the injury. 553 So.2d at 709. The district court also rejected Fitzgerald's argument that a line of Florida cases, including Peppermint Twist, Inc. v. Wright, 169 So.2d 330 (Fla. 3d DCA 1964) and Canner v. Blank, 152 So.2d 193 (Fla. 3d DCA 1963), establish that cases involving sliding glass doors present factual questions for the jury. The district court concluded that those cases were not applicable because in those cases the unresolved issues being submitted to the jury involved the contributory negligence of the injured minor plaintiff and contributory negligence is not an issue in this case. Id.
*1260 As a starting point in our analysis, it is important to note that there are two distinct claims presented in this case: 1) that the Cestaris were negligent for failing to ascertain that the door was not made of safety glass and for failing to conform their premises to the Southern Standard Building Code which requires safety glass be used in sliding glass doors; and 2) that the Cestaris were negligent for failing to place decals or other markings on the door.[2] We agree that, on this record, summary judgment was properly entered on both of these claims.
Although it is not apparent from the decision below, the Cestaris were lessors of the subject premises rather than owners in possession. Each of the decisions which appear to conflict with the decision below involved a defendant who had possession and control of the premises at the time of the accident.[3] As we noted in Mansur v. Eubanks, 401 So.2d 1328, 1329 (Fla. 1981), traditionally a landlord was not liable for injuries resulting from the condition of the leased premises. See Restatement (Second) of Torts § 356 (1965); and W. Keeton, Prosser and Keeton on the Law of Torts § 63 (5th ed. 1984). However, in Mansur, this Court extended a landlord's liability, holding that
the owner of a residential dwelling unit, who leases it to a tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant... .
After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant.
Mansur, 401 So.2d at 1329-30.
First, we agree with the district court that under this Court's decision in Slavin, the Cestaris are relieved from liability for failing to ascertain that the sliding glass door was not made of safety glass as required by the applicable building code. It is undisputed that the dangerous condition, in this case a lack of safety glass, was not discoverable through a reasonable inspection by the owners. Cf. Lubell v. Roman Spa, Inc., 362 So.2d 922 (Fla. 1978). According to the deposition testimony of Mr. Spangler, while there are markings on tempered glass, which could be identified by one familiar with such markings, there are no markings on untempered glass. This testimony supports Jan Cestari's contention that the type of glass in the doors was not readily discoverable by his inspection. It is, therefore, undisputed that a reasonable inspection of the doors by the Cestaris would not have put them on notice of the dangerous condition. Cf. Becker v. IRM Corp., 38 Cal.3d 454, 213 Cal. Rptr. 213, 698 P.2d 116 (1985) (summary judgment improper where glass causing injury was marked "untempered," because trier of fact could find reasonable inspection by landlord would have included visual inspection which disclosed the danger). As noted above, a lessor of a residential dwelling unit has a duty to reasonably inspect the premises before allowing the lessee to take possession. However, our decision in Mansur does not place a duty on a landlord to inquire of experts concerning the type of glass in sliding glass doors on the premises.
Likewise, while the Cestaris had a duty to reasonably inspect the premises for dangerous conditions and to transfer the premises in a reasonably safe condition, we *1261 agree with the trial court's ruling that, as a matter of law, they had no duty to place decals or other markings on the sliding glass door. An ordinary sliding glass door is not the type of "dangerous condition" which a landlord is in a better position than the tenant to guard against.[4] The presence of a sliding glass door on the leased premises was clearly apparent to the lessees who, upon taking possession, controlled the manner in which it was used. Whether a sliding glass door creates a hidden dangerous condition giving rise to a duty to warn generally depends upon the surrounding circumstances, i.e., location of the door, age of the injured party, lighting conditions, pattern of an open door, and activities on the premises. See, e.g., Giordano v. Mariano, 112 N.J. Super. 311, 271 A.2d 20 (1970); Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990 (1967). It therefore follows that the duty to warn Brandi of the hidden danger the closed door may have presented rested solely upon the lessees, who were in control of the premises. See Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987) (lessees of premises have duty to warn third parties of dangerous conditions on premises because such duty rests on right to control premises rather than on legal ownership of the dangerous area).
Accordingly, the decision of the district court affirming the entry of summary judgment in favor of the respondents is approved.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] It appears this testimony was proffered at the hearing on the motion for summary judgment.
[2] Although Fitzgerald urges liability for failure to comply with section 83.51(1)(a), Florida Statutes (1983), which requires a landlord to maintain leased premises in compliance with the requirements of the applicable building code, this claim was not raised in the amended complaint or urged to the trial court and therefore will not be addressed by this Court.
[3] See Hannabass v. Florida Home Insurance Co., 412 So.2d 376 (Fla. 2nd DCA 1981); Peppermint Twist, Inc. v. Wright, 169 So.2d 330 (Fla. 3rd DCA 1964); Canner v. Blank, 152 So.2d 193 (Fla. 3rd DCA 1963); McCain v. Bankers Life & Casualty Co., 110 So.2d 718 (Fla. 3rd DCA), cert. denied, 114 So.2d 3 (Fla. 1959).
[4] This claim must be analyzed as if the glass door were in compliance with the building code because it has already been determined that the Cestaris could not have discovered the lack of safety glass through a reasonable inspection. Further, it is alleged that it was the lack of decals not the lack of safety glass which caused the accident. The lack of safety glass merely affected the nature and extent of the injury.