BLUE, Judge.
Larry Anderson challenges an adverse summary judgment that determined there was no liability for injuries caused by an allegedly defective shower door in the mobile home he was renting. We reverse because unresolved factual questions exist based on the allegations that the shower door failed to open properly and that the landlords were on notice of this defect.
Anderson was renting a mobile home from Aldo and Dorothy Fiocchi and John and Rose Caselli, the owners and landlords, and Faye L. Roberts, their realtor/agent. Anderson testified at his deposition that while showering he heard his roommate scream. Anderson hit the shower door to open it because the door stuck and would not open with ordinary pressure. The first blow failed to open the door and when Anderson struck it the second time with the heel of his hand, the door shattered and severely cut his hand. Anderson also testified that he had previously reported the problem with the shower door to Roberts.
In addition to alleging that the door malfunctioned by failing to open properly, Anderson’s complaint charged negligence because the shower door contained plain glass rather than safety or tempered glass as required by the applicable building code. The shower door was unchanged from the time the landlords purchased the trailer and neither they nor their agent Roberts were aware that the door contained plain glass.
The trial court granted summary judgment for the landlords in reliance on Fitzgerald v. Cestari, 569 So.2d 1258 (Fla.1990) (holding that landlords have no duty to determine the type of glass in a sliding door). If Anderson’s only allegation of negligence was the use of plain glass instead of safety glass, *276 we would be required to affirm. Here, however, Anderson sufficiently alleged that the shower door was otherwise defective because it failed to open properly and that the landlords through their agent were on notice of the defect. Thus, Fitzgerald is applicable but not controlling because of the additional facts in this case.
“After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant.” Mansur v. Eubanks, 401 So.2d 1328, 1330 (Fla.1981) (quoted with approval in Fitzgerald ). It cannot be said as a matter of law that the allegedly defective door was not the cause, in whole or in part, of Anderson’s injuries. For that reason we determine the summary judgment was entered in error and must be reversed.
At the summary judgment stage of this proceeding, we also reject the landlords’ argument that even though the door may have been defective because it failed to open properly, the injuries resulted from the plain glass and would not have occurred if the shower door contained safety glass. That presents a question for the fact-finder and cannot be determined on this record as a matter of law. Although the landlords could not foresee Anderson’s exact injury because they had no duty to determine the type of glass in the shower door, “it is only necessary that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of his negligent acts.” Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla.1986) (citation and emphasis removed). Thus, the allegations that the shower door was defective because it stuck and that the landlords knew of its defective condition are sufficient to survive summary judgment.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.