753 So.2d 153 (2000)
James MORRIS, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 4D99-0682.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Feinstein & Sorota, P.A., Miami, and Patrice A. Talisman of Hersch & Talisman, P.A., Miami, for appellant.
Cheryl Kempf, Juno Beach, for appellee.
KLEIN, J.
According to the allegations of plaintiff's complaint, defendant Florida Power & Light (FPL) allowed defendant Ruiz to keep his cows on FPL land, and some of *154 the cows escaped through a defective fence, injuring plaintiff. Although plaintiff may not ultimately be able to prove a case against FPL, his complaint should not have been dismissed with prejudice for failure to state a cause of action against FPL at this early juncture.
The allegations against FPL are that it entered into an "agricultural license" in May, 1994, that it failed to maintain its fence after being advised by Ruiz that the fence was inadequate and improperly maintained, and that Ruiz's cows escaped in May, 1995, injuring plaintiff.
The two cases primarily relied on by the parties are both decisions of this court. In Bowen v. Holloway, 255 So.2d 696 (Fla. 4th DCA 1971) the defendant owned about four acres of fenced pasture land, including horse stalls, in the City of Titusville. The defendant allowed owners of horses to pasture and feed their horses for a monthly rental. Occasionally an owner would leave a horse in a stall overnight. On the night of the accident, a horse escaped from its stall which had a broken latch and, because of the lack of a fence on one side of the stall area, went on the highway and injured a motorist. On several prior occasions, horses pastured on the property had been found running at large, which was known to the owner of the property. The motorist sued defendant on a nuisance theory.
Observing that a landlord may be liable to third persons for injuries for defects in the condition of the premises at the time of the lease, we reversed a summary judgment in favor of the property owner. We concluded that there was a factual issue as to whether the absence of a fence on one side of the stall area was a defective condition, considering the purpose for which the property owner was leasing the property. Plaintiff, of course, relies on Bowen.
Defendant relies on Davidson v. Howard, 438 So.2d 899 (Fla. 4th DCA 1983), in which landowner A leased a large tract to B for grazing purposes. B allowed C to graze C's cattle. The contract between A and B provided that B was to fence the land subject to prior approval of A. As between B and C, C had the responsibility to maintain the fence around the property. Cattle owned by C escaped and injured a motorist. The motorist sued all three, but settled with C, and obtained a verdict against both A and B. We reversed with instructions to enter a directed verdict, reasoning that neither A nor B had any duty to maintain the fences under the facts.
In the initial complaint plaintiff sued FPL, but not Ruiz. FPL filed a motion to dismiss, alleging that it is the owner of animals who is liable rather than the owner of the land. In response, plaintiff agreed that the complaint would be dismissed so that he could amend; however, his first amended complaint did not change the allegations against FPL. He only added Ruiz as an additional defendant. The trial court then granted FPL's motion to dismiss the amended complaint with prejudice, citing Davidson.
In Hillman Construction Corp. v. Warner, 636 So.2d 576, 578 (Fla. 4th DCA 1994), we observed that a complaint should not be dismissed for failure to state a cause of action "unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim." See also Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981)("A motion to dismiss should not be granted if the pleader sets forth facts in his complaint upon which relief can be granted on any theory.").
We conclude that the trial court's dismissal as to FPL was premature in light of the fact that the terms of the agreement between Ruiz and FPL are not, so far as this record shows, known. If there were an agreement, and if the agreement required Ruiz to maintain the fence and not FPL, FPL would not be liable according to Davidson. The complaint does allege that Ruiz complained to FPL that the fence *155 was in disrepair, which suggests that FPL may have agreed that it would maintain the fence. If FPL did, it may be liable.
Because it is not clear from the facts alleged in the complaint that the plaintiff "could prove no set of facts" in support of his claim, the complaint should not have been dismissed with prejudice. Hillman. Although we do not agree with plaintiff that this complaint establishes that FPL breached a duty, we do agree with plaintiff that he should be allowed to amend. We therefore reverse.
WARNER, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.