WARNER, J.
Appellant Claretha Youngblood fell and was injured when the towel rack she was using as support while exiting from a shower ripped out of the wall. She sued appellee, Pasadena at Pembroke Lakes South, the, landlord of the, apartment in which the towel rack was located, alleging negligent, failure to maintain the towel rack. The trial court dismissed the complaint, and we affirm, concluding that the complaint failed to allege a legal duty owed by the landlord to repair the towel rack or warn of its condition.
Younglood’s second amended complaint alleged that Pasadena, which rented apartments at Pembroke Lakes South, knew or should have known that persons on the premises of its apartments would use a towel rack as support when exiting the shower, and that the loose and unsecured condition of the rack created a dangerous *1098 and unsafe condition to users of the bathroom. When exiting the shower, Young-blood reached for a towel on the towel rack and used the towel rack for support. Because the rack was loose, it was unable to provide support for her. She lost her balance and fell, suffering injuries. The trial court found that no duty existed to maintain the towel rack under these circumstances and dismissed the complaint. Youngblood appeals.
This is a landlord liability case. Here, Youngblood alleged that Pasadena was owner of the apartments for rent, a landlord, and that she was an invitee at one of its apartments. Youngblood was a tenant herself or an invitee of a tenant.[1] In any event, the duty involved is that of a landlord to a tenant. The duty of the landlord is two-fold: (1) prior to possession by the tenant, the landlord has a duty to reasonably inspect the premises, and to make necessary repairs to transfer a reasonably safe dwelling unit, unless the tenant waives the defect; and (2) after possession by the tenant, the landlord has a continuing duty to exercise reasonable care in repairing dangerous defective conditions upon the tenant giving notice of their existence, unless waived by the tenant. Mansur v. Eubanks, 401 So.2d 1328, 1329-30 (Fla.1981). Youngblood does not allege that the landlord failed to inspect the premises prior to transfer of possession of the unit, nor does she allege the landlord was given notice of the' condition.
Moreover, a loose towel rack is not a “dangerous defective condition” that would obligate the landlord to make repairs. As was noted in Menendez v. Palms West Condominium Ass’n, Inc., 736 So.2d 58, 61 (Fla. 1st DCA 1999),
It is true that a landlord has a duty to repair defects in a residential apartment so that it will be reasonably safe for occupancy. See Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981). This duty is limited, however, to conditions that are inherently unsafe or dangerous conditions that are not readily apparent to the tenant.
Menendez compared Mansur, which held that the landlord had a duty to repair a defective gas heater that exploded, with Fitzgerald v. Cestari, 569 So.2d 1258 (Fla.1990), where the court held that a landlord had no duty to put markings on a sliding glass door because the property was in the possession of the tenant who was in just as good a position to take precautions against any danger the door posed. Because the tenant was in control of the premises, the tenant should have taken such precautions.
We liken the loose towel bar to the sliding glass door in Fitzgerald. The tenant was in a better position to take precautions and correct this defect than the landlord, because the tenant was in possession of the premises. The towel rack hardly posed a dangerous condition like a defective gas heater capable of exploding. A towel rack is not even as dangerous as a sliding glass door which can break and cut a person. It is a matter of common understanding that a towel rack is designed to support the weight of a piece of cloth, not a person.
Youngblood cites to Bidar v. Amfac, Inc., 66 Haw. 547, 669 P.2d 154 (1983) and Corona v. Costa Crociere S.P.A., 844 So.2d 652 (Fla. 3d DCA 2003). However, these cases are distinguishable because neither involved the duties of a landlord to a tenant.
*1099 In sum, we affirm the trial court’s dismissal of this complaint, as appellant failed to allege a legal duty on the part of the landlord.
Affirmed.
KLEIN and GROSS, JJ., concur.

. In a request for production, Youngblood says that she resided at the apartment in question.