DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICLENA MARGARITA GONZALEZ CARRASCO,**
Appellant,

v.

**MARTIN JOSE PEREZ JIMENEZ,**
Appellee.

Nos. 4D2023-0461 and 4D2023-3105

[March 5, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen and Kristin R. Kanner, Judges; L.T. Case Nos. FMCE22-005656 and FMCE22-007865.

Kathy Riano-Lopez of Riano & Associates, LLC, Cooper City, for appellant.

Sandra Hoyos Mejia of Hoyos-Mejia, P.L., Coral Gables, for appellee.

PER CURIAM.

We are presented with two appeals arising from litigation involving the same petition for dissolution of marriage. In the first case, the wife appeals from an order dismissing her petition. In the second case, the wife appeals from the trial court's order granting the husband's motion to domesticate a Venezuelan divorce decree. For the reasons explained below, we reverse both judgments and remand for further proceedings.

**Background**

In 2010, the parties were married in Venezuela. They then moved to Texas and had two children, both born in the United States. The wife and the children eventually moved to Florida. The wife has continuously resided in the United States since at least June 2016 and has continuously resided in Florida since March 2021.

In April 2022, the wife petitioned for dissolution of the marriage with the trial court. In response, the husband moved to dismiss the petition on grounds that the parties' divorce was already adjudicated in Venezuela.

The husband claimed the parties' divorce was adjudicated in Venezuela pursuant to a petition he filed there in November 2021. Allegedly, the wife was served with the petition at an address affiliated with a family member in Venezuela, and someone claiming to be the wife's cousin accepted the petition on her behalf. Despite the Wife not residing there, the Venezuelan court concluded that such service was sufficient for jurisdictional purposes. It then granted the husband's petition, dissolved the marriage, established time-sharing and custody with respect to the parties' children, ordered the husband to pay child support, and left for the parties to negotiate the equitable distribution of the marital assets. But the wife did not participate in the proceedings there and contested the legitimacy of the Venezuelan divorce decree below.

Even though the Venezuelan divorce decree was not mentioned in the wife's dissolution petition, the trial court granted the husband's motion to dismiss and dismissed the wife's divorce petition. The wife then appealed ("case 1").

While the wife's appeal in case 1 was pending, the husband petitioned the trial court to domesticate the Venezuelan divorce decree. The wife then moved to dismiss the husband's petition on grounds that the Venezuelan divorce decree should not be domesticated under comity principles.

Following a hearing, the trial court denied the wife's motion to dismiss and entered final judgment in the husband's favor domesticating the Venezuelan divorce decree. The wife then appealed this judgment ("case 2"), and cases 1 and 2 were consolidated.

**Analysis**

We reverse in both cases because the trial court erred by (1) considering evidence outside the four corners of the wife's petition for dissolution when dismissing it in case1 and (2) domesticating the Venezuelan divorce decree in case 2.

A. Motion to Dismiss

When reviewing an order granting a motion to dismiss, we apply a de novo standard of review. *Rhiner v. Koyama*, 327 So. 3d 314, 316 (Fla. 4th DCA 2021).

A motion to dismiss for failure to state a cause of action should be granted only if "the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of [the] claim."

2

*Ingalsbe v. Stewart Agency, Inc.*, 869 So. 2d 30, 35 (Fla. 4th DCA 2004) (quoting *Morris v. Fla. Power & Light Co.*, 753 So. 2d 153, 154 (Fla. 4th DCA 2000)).  This analysis requires "the court [to] accept the facts alleged therein as true and" to draw "all [reasonable] inferences . . . in favor of the pleader." *Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) (quoting *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004)).

When evaluating the sufficiency of a petition, "[t]he trial court may not look beyond [its] four corners[.]" *Rhiner*, 327 So. 3d at 316 (first alteration in original) (quoting *Norwich v. Glob. Fin. Assocs., LLC*, 882 So. 2d 535, 536 (Fla. 4th DCA 2004)).  Indeed, the trial court cannot even take judicial notice of a fact "[u]nless the parties have stipulated to [the] judicial notice[.]" *Schneiderman*, 334 So. 3d at 330.

Here, the trial court erred by going beyond the four corners of the wife's petition to dismiss it.  Her petition does not reference the Venezuelan divorce decree, and she did not consent to judicial notice being taken of it.  Instead, she contested the legitimacy of the foreign divorce decree.  Thus, the trial court should not have considered it.

## B.  Comity

The standard governing review of a trial court's domestication of a foreign judgment is the abuse of discretion standard.  *See Maraj v. Maraj*, 642 So. 2d 1103, 1104 (Fla. 4th DCA 1994) ("There remains a degree of trial court discretion in applying comity principles where supported . . . by the record.").  "However, '[w]here a trial judge fails to apply the correct legal rule[,] . . . the action is erroneous as a matter of law.'" *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) (first and third alterations in original) (quoting *Kennedy v. Kennedy*, 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993)).

"Before enforcing a judgment or order of a court of a foreign country, a court must review the judgment or order to ensure that it complies with the rule of comity." § 61.0401(3), Fla. Stat. (2022).  "A judgment or order of a foreign country is not entitled to comity if the parties were not given adequate notice and the opportunity to be heard, *the foreign court did not have jurisdiction,* or the judgment or order of the foreign court offends the public policy of this state." *Id.* (emphasis added).

Because the Venezuelan court did not have personal jurisdiction over the wife and did not have subject matter jurisdiction over the children, we hold that the Venezuelan divorce decree could not be domesticated under

3

common law comity principles.

## 1. Personal Jurisdiction

To establish personal jurisdiction, a court must have either general jurisdiction or specific jurisdiction over the person. *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 802 (Fla. 4th DCA 2018).

General jurisdiction "exists when the [party's] 'affiliations with the [forum] are so "continuous and systematic" as to render them essentially at home in the forum[.]'" *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This generally depends on where a person's is domiciled. *See Goodyear*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]"). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A person's "domicile continues until a new one . . . is acquired." *Id.*

In contrast, "[s]pecific personal jurisdiction exists when 'the alleged activities or actions of the [party] are directly connected to the forum[.]" *Imerys Talc Am.*, 262 So. 3d at 802 (quoting *Rolls-Royce, PLC v. Spirit Airlines, Inc.*, 239 So. 3d 709, 713 (Fla. 4th DCA 2018)).

Here, the Venezuelan court had neither general nor specific jurisdiction over the wife.

Because the wife has continuously resided in the United States since at least June 2016, and specifically in Florida since March 2021, she was not domiciled in Venezuela when the husband filed his petition for dissolution of the marriage there in November 2021, nor was she properly served with notice at her residence in Florida. Thus, the Venezuelan court did not have general jurisdiction over her when it issued the divorce decree.

Moreover, the only evidence of the wife's activities being directed at Venezuela is the fact that the parties were married there. This alone is insufficient to establish specific jurisdiction over the wife. *See Server v. Dep't of Rev.*, 189 So. 3d 997, 1001 (Fla. 4th DCA 2016) (holding that the country where the marriage occurred did not have specific jurisdiction over the party who had not lived there for twenty-five years).

Because the Venezuelan court lacked both general and specific

jurisdiction over the wife, it did not have personal jurisdiction over her sufficient to support recognition of the validity of the Venezuelan decree.

## 2. Subject Matter Jurisdiction

A court has subject matter jurisdiction if it has "authority 'to adjudicate the class of cases to which the particular case belongs.'" *Singer v. Singer*, 308 So. 3d 1036, 1037 (Fla. 4th DCA 2020) (quoting *Lovett v. Lovett*, 112 So. 768, 775 (Fla. 1927)).

Florida's version of the Uniform Child Custody Jurisdiction and Enforcement Act grants foreign courts jurisdiction "to make an initial child custody determination" if the foreign jurisdiction is "the home state of the child on the date of the commencement of the proceeding[.]" § 61.514(1)(a), Fla. Stat. (2022); *see also* § 61.506, Fla. Stat. (2022) (defining foreign courts to include courts of foreign countries).

The "initial determination" is "the first child custody determination concerning a particular child." § 61.503(8), Fla. Stat. (2022). The "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding." § 61.503(7), Fla. Stat. (2022). A court not in the child's home state may, in some circumstances, exercise jurisdiction to make the initial determination if the home state courts, or other courts with appropriate jurisdiction, have declined to exercise such jurisdiction. *See* § 61.514(1)(b)-(d), Fla. Stat. (2022).

Here, the children lived with the wife in Florida for at least six months prior to the husband's initiation of the divorce action in Venezuela, making Florida the home state of the children. There is no indication in the record that any court in Florida declined to exercise jurisdiction over the children or make an initial custody determination with respect to the children before the Venezuelan court purported to do so. Therefore, the Venezuelan court lacked subject matter jurisdiction over the children.

## Conclusion

The trial court erred by (1) dismissing the wife's petition for dissolution of marriage and (2) domesticating the Venezuelan divorce decree. Accordingly, we reverse the judgments of the trial court in both cases and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

DAMOORGIAN, LEVINE, and ARTAU, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*